Adeline SANFORD and Hermoine D.
Hammargren, Plaintiffs and
Appellees,

v.

Kenneth C. SANDEN, Dora Hanson, and
Petra O. Hanson, Defendants
and Appellants.

Civ. No. 10305.

Supreme Court of North Dakota.

Jan. 26, 1984.

Conmy, Feste, Bossart, Hubbard & Corwin, Fargo, for plaintiffs and appellees; argued by Wickham Corwin, Fargo.

DeLayne Nassif, Fargo, for defendants and appellants.

PEDERSON, Justice.

This malicious prosecution case is finally before us for determination on the merits. On a previous attempted appeal we remanded for the entry of an order requiring the receiver of the appellants' assets to release sufficient funds to pay for a transcript of the proceedings. Kenneth C. Sanden, Dora Hanson and Petra O. Hanson appeal from the judgment and challenge the jury verdict that (1) found that Sanden and Dora Hanson maliciously prosecuted a will contest proceeding; (2) awarded compensatory and punitive damages to Adeline Sanford and Hermoine Hammargren; and (3) held that Dora Hanson had fraudulently conveyed certain real property to Petra Hanson. We affirm.

These participants have engaged in protracted litigation, and there have been numerous appeals. A review of the earlier, related proceedings will show how this all began and will aid in understanding the

background of the malicious prosecution action.

Sanford and Hammargren sued for damages from Sanden and Dora Hanson, challenging the propriety of the will contest proceedings in which Sanden sought to probate a will claimed to have been executed by Marius Honerud, which essentially disinherited Honerud's two daughters (Adeline Sanford and Hermoine Hammargren) and left the bulk of the Honerud estate to Sanden. When he failed in the county court probate proceedings, Sanden appealed to the district court, where a jury found that Honerud lacked testamentary capacity when he executed the will which Sanden tried to probate, and that Sanden had obtained Honerud's signature on the contested will by fraud and undue influence. We affirmed that determination. *Matter of Estate of Honerud*, 294 N.W.2d 619 (N.D. 1980).

Sanden then sought to recover costs and attorney fees that he had incurred in his efforts to probate the contested will. The lower court denied Sanden's attempts, and we affirmed in *Matter of Estate of Honerud*, 326 N.W.2d 95 (N.D.1982).

Sanford and Hammargren then commenced this malicious prosecution action. Two days after they were served the summons and complaint, Sanden and Dora Hanson conveyed the only real property they owned to Dora Hanson's mother, Petra Hanson. When Sanford and Hammargren learned of this, they moved for the appointment of a receiver to preserve Sanden's and Dora Hanson's property pending the final outcome of the malicious prosecution suit. The motion was granted. Sanford and Hammargren also amended their complaint to add Petra Hanson as a defendant and, as a second cause of action, to set aside the conveyance of property to Petra Hanson as fraudulent.

The case was tried to a jury, which returned a verdict in favor of Sanford and Hammargren. Sanden and the Hansons made various post-trial motions, which were denied. They then filed this appeal.

Sanford and Hammargren moved to dismiss the appeal because no transcript of the proceedings was ordered as required by Rule 10(b), NDRAppP. Sanden and the Hansons, in turn, moved for a court order requiring the receiver to release sufficient funds to pay for the transcript. In *Sanford v. Sanden*, 333 N.W.2d 429 (N.D. 1983), we concluded that justifiable cause for failure to comply with Rule 10(b) had been demonstrated, and that a transcript of the trial proceedings was essential for a determination of the merits of the appeal. Accordingly, we denied the motion to dismiss and remanded the case for the limited purpose of releasing funds to enable the appellants to obtain a transcript.

■ Sanden and the Hansons raise numerous "points" on appeal. Most of the "points" relate to a challenge of the sufficiency of evidence. Appellate review of questions of fact is very limited. It is well settled that where there is substantial evidence to support a jury verdict, it will not be disturbed on appeal. *Arneson v. City of Fargo*, 331 N.W.2d 30, 38 (N.D.1983); *Powers v. Martinson*, 313 N.W.2d 720, 728 (N.D.1981). Sanden and the Hansons raise two other issues on appeal. They contend that there was insufficient service of process, and that the trial court committed prejudicial error when it allowed two nursing home forms to be introduced into evidence.

■ We recently had occasion to remind everyone that the North Dakota Constitution no longer requires the reviewing court to identify and discuss every point fairly raised. This court need only address those issues that are controlling. *State v. Bergeron*, 340 N.W.2d 51, 60 (N.D.1983). Appellants' counsel, during oral argument, did not address the twenty-six "points" mentioned in the many briefs filed in this case. He instead argued only (1) that the verdict was against the weight of the evidence; (2) that there was insufficient service of process; and (3) that there was inadequate foundation for the introduction of the two previously mentioned documents.

■ The two documents were admitted pursuant to Rule 803(6), NDREv, the business records exception to the hearsay rule. Sanden's counsel objected to the admission on the ground of inadequate foundation. North Dakota has adopted the Uniform Business Records as Evidence Act, § 31–08–01, NDCC[1]. Since the adoption of that statute in 1937, this court has held that its purpose is to enlarge the exception to the hearsay evidence rule; that it should be liberally construed to that end; and that the trial court's ruling on the admission or exclusion of documents under the statute will not be reversed absent a showing of manifest abuse of discretion. *Munro v. Privratsky*, 209 N.W.2d 745, 752 (N.D. 1973). Although the trial court did not specifically refer to the statute, it is applicable. The record reveals no abuse of discretion. The trial court did not err in receiving the documents.

■ Sanden and Dora Hanson also assert that service of process was insufficient. The trial court determined that service had been made in accordance with the requirements of Rule 4(d), NDRCivP. There has been no showing that the court was wrong. We conclude, accordingly, that the contention is unfounded.

■ As we noted in *Bergeron, supra,* we need not address every question mentioned on appeal. We have reviewed the record with respect to the specific "points" and with respect to the general contention that the verdict was against the weight of the evidence. We conclude that the "points" are without merit and do not warrant further discussion. The judgment is affirmed.

ERICKSTAD, C.J., and GIERKE, SAND and VANDE WALLE, JJ., concur.

---

1. Section 31–08–01, NDCC provides as follows:

    "31–08–01. Admissibility in evidence of business records—Term 'business' defined—Exception.—A record of an act, condition, or event shall be competent evidence insofar as relevant, if:

    1. The custodian or other qualified witness testifies to its identity and the mode of its preparation.

    2. It was made in the regular course of business, at or near the time of the act, condition, or event.

    3. The sources of information and the method and time of preparation, in the opinion of the court, were such as to justify its admission.

    For the purpose of this section, the term 'business' shall include every kind of business, profession, occupation, calling, or operation of institutions, whether carried on for profit or not. The records and proceedings of any regularly constituted medical review committee of a licensed medical hospital or a medical society in this state shall not be subject to discovery or admissible as evidence."