356 N.W.2d 894 (1984)
FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF BISMARCK, a corporation, Plaintiff and Appellant,
v.
Ruben C. SCHERLE, a.k.a. Rueben C. Scherle; James G. Glatt; Richard D. Olson, and Kent M. Johanneson, Defendants and Appellees.
Civ. No. 10706.
Supreme Court of North Dakota.
October 26, 1984.
*895 Rausch & Rausch, Bismarck, for plaintiff and appellant; argued by James P. Rausch, Bismarck.
Rosenberg & Baird, Bismarck, for defendants and appellees Ruben C. Scherle, a.k.a. Rueben C. Scherle, and James G. Glatt; appearance by Max D. Rosenberg, Bismarck; argued by Thomas F. Kelsch, Bismarck.
Kelsch, Kelsch, Bennett, Ruff & Austin, Bismarck, for defendants and appellees Richard D. Olson and Kent M. Johanneson; argued by Thomas F. Kelsch, Bismarck.
SAND, Justice.
First Federal Savings and Loan of Bismarck (First Federal) appealed from a summary judgment which dismissed its complaint against the defendants, Ruben C. Scherle, a.k.a. Rueben C. Scherle, James G. Glatt, Richard D. Olson, and Kent M. Johanneson.
In September 1981 First Federal loaned $1,420,000 to East Plaza Development (East Plaza), a partnership comprised of the four defendants. East Plaza, by its partners, signed a promissory note for that amount with First Federal. East Plaza also executed a real estate mortgage as additional security for the loan. Subsequently, each defendant individually guaranteed repayment of the loan by signing a written guarantee with First Federal. After the loan became deliquent First Federal commenced an action against the individual defendants in their capacities as guarantors seeking $1,419,634.15, principal, and $205,321.52 in accrued interest. While this suit was pending First Federal obtained a judgment of foreclosure on the real estate mortgage executed by East Plaza. In October 1983 First Federal purchased the mortgaged real estate at a sheriff's sale for $1,746,447.68, the sum awarded in its prior judgment of foreclosure, together with accrued interest and costs. Prior to the expiration of the redemption period,[1] First Federal moved for summary judgment in its action against the defendants. The defendants opposed this motion and submitted cross-motions to dismiss First Federal's action by summary judgment.
The Burleigh County district court granted summary judgment for the defendants and dismissed First Federal's action. In *896 finding for the defendants the court held First Federal had satisfied its judgment of foreclosure by purchasing the property for the judgment amount. Because the judgment of foreclosure was satisfied and the debt therefor paid, the court concluded First Federal could not proceed against the defendants as guarantors of East Plaza's debt.
The issue presented by this appeal is whether or not First Federal can maintain its action against the defendants on the basis of their individual guarantees. The trial court held First Federal's purchase of the mortgaged property at the sheriff's sale, by bidding the full amount of the foreclosure judgment, satisfied the debt the defendants had guaranteed and therefore dismissed First Federal's action against the defendants.
The $1,746,447.68 debt was the primary obligation between First Federal, East Plaza, and the defendants. The mortgage and individual guarantees existed only to insure payment of that debt. Although the mortgage and note are separate and independent obligations from the debt, Lincoln National Life Insurance Co. v. Kelly, 73 N.D. 622, 628, 17 N.W.2d 906, 909 (1945); Bank of Kirkwood Plaza v. Mueller, 294 N.W.2d 640, 643 (N.D.1980), their operation depend entirely on the existence of the debt. Once a debt secured by a mortgage is paid, the mortgage is satisfied, Morris v. Twichell, 63 N.D. 747, 755, 249 N.W. 905, 908 (1933), and upon payment of the underlying debt a guarantee is extinguished. State Bank of Burleigh County v. Porter, 167 N.W.2d 527, 535 (N.D.1969); NDCC § 22-01-01(1). This is true regardless if the debt was discharged by foreclosure of the mortgage, Stevahn v. Meidinger, 79 N.D. 323, 353, 57 N.W.2d 1, 20 (1952), or, in terms of a guarantee, by satisfaction of a judgment against the principle debtor. See generally 38 Am.Jur.2d Guaranty § 78 (1968).
In this case First Federal satisfied its mortgage by purchasing the mortgaged property for the amount of the underlying debt, which had been reduced to a foreclosure judgment. Thus, First Federal voluntarily converted the debt into property by taking the mortgaged property in satisfaction of the debt. As a result, the primary debt which the defendants guaranteed to pay was discharged. Because one cannot guarantee payment on a nonexistent debt, the defendants' individual guarantees were extinguished when First Federal purchased the property for the judgment amount. This conclusion is in accord with the decisions of all other jurisdictions we have found which have been presented similar facts. See Muscle Shoals National Bank v. Hallmark, 399 So.2d 297, 298 (Ala.1981); Provident National Bank v. Thunderbird Associates, 364 So.2d 790, 798 (Fla.1978); Crown Life Insurance Co. v. LaBonte, 330 N.W.2d 201, 207 (Wis.1983).
First Federal contended the case of Bank of Kirkwood Plaza v. Mueller, 294 N.W.2d 640 (N.D.1980), implicitly would allow its independent action against the defendants on the basis of their individual guarantees and therefore was dispositive of this appeal. First Federal's reliance on Bank of Kirkwood Plaza is misplaced.
In Bank of Kirkwood Plaza the bank loaned $120,000 to a corporation and secured the loan with mortgages on real estate owned by the corporation. The Bank additionally obtained individual guarantees from four stockholders of the corporation. The Bank brought foreclosure actions against the corporation and subsequently purchased the mortgaged property at a sheriff's sale for the amount of the foreclosure judgment. Prior to the sheriff's sale the Bank also brought an independent action against the individual guarantors based upon the guarantee agreements. The trial court held the obligations imposed by the promissory notes and mortgages were separate and distinct from the obligation imposed by the guarantee agreements and, consequently, the Bank could sue the corporation in a foreclosure action and still maintain an action against the guarantors. On appeal the only issue facing this Court was whether or not the North Dakota anti-deficiency statutes (NDCC §§ 32-19-04, 32-19-06, *897 and 32-19-07) precluded the Bank from bringing separate actions on both the mortgage and the guarantees. This Court held the anti-deficiency statutes did not bar the Bank from coincidentally pursuing recovery on the basis of the mortgages and the guarantees.
In Bank of Kirkwood Plaza this Court was not faced with, and therefore did not decide, the issue presented in this case. A prior opinion is only stare decisis on points decided therein; any expression of opinion on a question not necessary for decision is merely dictum, and is not, in any way, controlling upon later decisions. Our opinions should be read in the light of the facts of the case under discussion. To keep opinions within reasonable bounds precludes writing into them every limitation or variation which might be suggested by circumstances of cases not before the Court. Armour & Company v. Wantock, 323 U.S. 126, 132-33, 65 S.Ct. 165, 168, 89 L.Ed. 118, 123 (1944). Bank of Kirkwood Plaza does not constitute precedent to support First Federal's position. See Spaulding v. Loyland, 132 N.W.2d 914, 921 (N.D. 1965).
Our holding in Mandan Security Bank v. Heinsohn, 320 N.W.2d 494 (N.D.1982), which was cited as authority by all parties, is an equally inappropriate precedent. In the Mandan Security Bank case a bank contemporaneously brought a foreclosure action against a partnership on mortgages securing a loan and in a separate suit against the individual partners' guarantees of the same loan. Judgment was entered in each case for the amount of the indebtedness. However, in the judgment against the partnership the trial court did not enter a judgment of foreclosure and decree of sale, but rather allowed the Bank to apply for such relief at a later date. In Mandan Security Bank, as opposed to the situation in this case, the Bank did not satisfy its foreclosure judgment by bidding the amount of the debt at the sheriff's sale and therefore did not satisfy the underlying debt. Mandan Security Bank is consequently distinguishable from the facts of the present case. Accordingly, the decision of the trial court is affirmed.
ERICKSTAD, C.J., PEDERSON, J., and ILVEDSON, Surrogate Judge, concur.
ILVEDSON, Surrogate Judge, sitting in place of GIERKE, J., disqualified.
VANDE WALLE, Justice, concurring specially.
I agree with the rationale and conclusion set forth in the majority opinion. However, I adhere to my dissent in Mandan Security Bank v. Heinsohn, 320 N.W.2d 494, 501 (N.D.1982). In this case, as in Mandan Security Bank, the partnership debt was guaranteed by the individual partners, and because I cannot agree that the guaranty of the individual partners is a separate obligation to pay the partnership debt, I do not believe it was necessary for the trial court to reach the issue of whether or not First Federal had satisfied its judgment of foreclosure by purchasing the property for the judgment amount. I do not agree that First Federal had a separate cause of action against the individual partners on their guaranties.
NOTES
[1] The redemption period was extended after the defendants petitioned for relief in the United States Bankruptcy Court. The extended redemption period passed and First Federal received a sheriff's deed to the property.