**Norman BAKKE, Plaintiff and Appellant,**

v.

**ST. THOMAS PUBLIC SCHOOL DISTRICT NO. 43, Defendant and Appellee.**

**Civ. No. 10777.**

Supreme Court of North Dakota.

Dec. 28, 1984.

Robert E. Dahl, of Dahl, Greenagel, Currie, Geiger & Petersen, Grafton, for plaintiff and appellant.

Douglas R. Herman, of Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

Norman Bakke appealed from the summary judgment ordered by the district court of Pembina County in favor of St. Thomas Public School District No. 43. The trial court held that Bakke had no contractual right to employment as a superintendent because he had failed to properly accept the offer of employment created by Section 15–47–27, N.D.C.C. We affirm.

This case involves a contractual dispute concerning the employment of Bakke as superintendent for St. Thomas School District (hereinafter School Board). Bakke was first employed as a superintendent by the School Board on July 1, 1978. Bakke's contract of employment was renewed each year thereafter until June 30, 1983, when the School Board terminated his employment. The five employment contracts, from 1978–1979 to 1982–1983, were signed between the months of April and July with the 1978–1979, 1981–1982, and 1982–1983 contracts signed on or after May 15 of those years.

There were no contract negotiations between Bakke, the superintendent, and the School Board for the 1983–1984 school year. Teacher contract negotiations did occur, however, between March and May 1983, but Bakke took no part in those negotiations. The School Board did not offer Bakke a contract for the 1983–1984 school year by April 15, 1983, the statutory deadline under Section 15–47–27, N.D.C.C. Bakke did not give notice of acceptance or rejection of an employment contract by May 15, 1983.

On June 14, 1983, the School Board held a special meeting and verbally requested Norman Bakke to resign. Bakke refused the request. On June 23, 1983, at another special meeting, the School Board presented Bakke with a written notice terminating his employment as superintendent effective June 30, 1983. Subsequently, the School Board hired another superintendent.

Bakke commenced an action requesting a writ of mandamus requiring the School Board to employ him as its superintendent for the 1983–1984 school year, or in the alternative, that he be awarded damages for breach of contract. An alternative writ of mandamus was granted ordering the School Board to contract with Bakke for employment as a superintendent for the 1983–1984 school year or to show cause for not complying with the order. The alternative writ of mandamus was vacated after the show-cause hearing. Subsequently, Bakke was allowed to amend his complaint to allege defamation of character as a new cause of action. The School Board moved the court for partial summary judgment on the ground that pursuant to Section 15–47–27, N.D.C.C., Bakke had no contractual right to employment for the 1983–1984 school year.

The trial court found that the School Board had failed to give Bakke written notification regarding its determination as to renewal of his contract. Under Section 15–47–27, N.D.C.C., such failure to give notice constitutes an offer to renew the contract for the ensuing year under the same terms and conditions as the contract for the current year. The trial court found that Bakke failed to give the required no-

tice of acceptance of this statutory offer on or before May 15 and that his failure relieved the School Board of the continuing contract provisions of Sections 15–47–26 through 15–47–28, N.D.C.C. The trial court determined that Bakke's failure to properly accept the offer created by statute precluded any contractual right to employment which may have given rise to a material issue of fact. The trial court granted the partial summary judgment and dismissed Bakke's first cause of action with prejudice. Bakke subsequently moved the court for amendment of the judgment to comply with Rule 54(b), N.D.R.Civ.P. The trial court granted the motion, having determined that there was no just reason for delay in dismissing Bakke's first cause of action. Norman Bakke appeals from that judgment.

Bakke contends that the trial court erred in granting summary judgment to the School Board because there were issues of material fact which the court did not consider. Bakke argues that he, as superintendent, was entitled to have the thirty-day period allowed him to accept the renewal of his contract under Section 15–47–27, N.D.C.C., tolled because of the failure of the School Board to issue a notice of nonrenewal of his contract prior to April 15.

Under Section 15–47–26, N.D.C.C., Bakke, as a superintendent, is included in the definition of "teacher" for purposes of Section 15–47–27, N.D.C.C. See *Storbeck v. Oriska Sch. Dist. # 13*, 277 N.W.2d 130 (N.D.1979). Section 15–47–27, N.D.C.C., provides in pertinent part that a school board must give a teacher notice by April 15 of the contract year of the board's decision to not renew the teacher's contract. Under Section 15–47–27, failure of a school board to give the required notice by April 15 creates a statutory offer to renew the employment contract and the teacher then has the responsibility to give the school board notice of his acceptance by May 15. The Section further provides that a teacher's failure to notify the school board of his acceptance relieves the school board of the continuing contract provisions of Sections 15–47–26 through 15–47–28, N.D.C.C.

In *Enstad v. N. Cent. of Barnes Pub. Sch., Etc.*, 268 N.W.2d 126 (N.D.1978), this court, in an attempt to reconcile the provisions of Chapter 15–38.1, N.D.C.C., the teacher negotiation law, with Section 15–47–27, N.D.C.C., the continuing contract law, interpreted Section 15–47–27 as entitling a teacher to not less than thirty days to accept proffered employment. We held that if negotiations were in progress, such thirty days did not commence to run until the teacher was given notice by the school board informing the teacher of a date upon which she was required to accept or reject proffered reemployment.

We further stated in *Enstad, supra*, 268 N.W.2d at 131, that "[w]here negotiations are being carried on pursuant to Chapter 15–38.1, N.D.C.C., the provisions of Section 15–47–27, N.D.C.C., requiring the board to give the teacher notice and that the teacher respond to such notice are suspended." We held that because North Central failed to notify Enstad on or before April 15 of a specific date by which she must accept proffered reemployment, Mavis Enstad did not lose her rights to reemployment under Section 15–47–27, N.D.C.C., by her failure to give written notice of acceptance to North Central on or before May 15.

Bakke contends that the law in *Enstad, supra*, is applicable to his case. He points out that our court in *Enstad*, 268 N.W.2d at 130, stated:

"Providing negotiations have not been in progress, failure on the part of the school board to provide the teacher, prior to April 15, with notice of an acceptance date voids operation of the May 15 date under the statute by which the teacher must accept reemployment, and the teacher will have not less than thirty days to accept proffered reemployment from the date the school board actually notifies the teacher of a date upon which acceptance must be made."

We note that the above quotation from *Enstad* is in conflict with Section 15–47–27 concerning time for renewal of teachers' contracts.

Although there are statements in *Enstad* that may appear to control this case, *Enstad* is clearly distinguishable from the facts in the case at bar. In *Enstad* contract negotiations were conducted between Mavis Enstad, as teacher, and the school board, while in our case there were no contract negotiations between Bakke, as superintendent, and the School Board. Thus, in light of the facts in *Enstad*, we were concerned that if a teacher had to comply with Section 15–47–27 she could be placed in the unreasonable position of having to give written acceptance to the statutory offer of reemployment prior to the conclusion of the negotiation process. We determined that without suspension of the provisions under Section 15–47–27, N.D.C.C., requiring notice by the school board and teachers, the result could be that unsuspecting teachers who were rightfully anticipating contract offers upon completion of the good-faith negotiation process would discover that they had no reemployment rights because the May 15 deadline had passed and they had failed to send an acceptance notice to the school board.

The above reasoning of this court in *Enstad* is inapplicable to the facts of this case.

■ Any comment in an opinion which is not essential to the determination of the case and which is not necessarily involved in the action is dictum and not controlling in subsequent cases. See *Spalding v. Loyland*, 132 N.W.2d 914 (N.D.1964). We recently stated in *First Federal Savings and Loan Assn. of Bismarck v. Scherle*, 356 N.W.2d 894, 897 (N.D.1984):

> "A prior opinion is only stare decisis on points decided therein; any expression of opinion on a question not necessary for decision is merely dictum, and is not, in any way, controlling upon later decisions. Our opinion should be read in the light of

the facts of the case under discussion. To keep opinions within reasonable bounds precludes writing into them every limitation or variation which might be suggested by circumstances of cases not before the Court. *Armour & Company v. Wantock*, 323 U.S. 126, 132–33, 65 S.Ct. 165, 168, 89 L.Ed. 118, 123 (1944)."

■ The provisions of Section 15–47–27, N.D.C.C., controlled the time for renewal of Bakke's contract. Because Bakke failed to comply with Section 15–47–27, he had no contractual right to reemployment as a superintendent for the 1983–1984 school year.

We conclude, therefore, that there was no genuine issue of material fact before the trial court and that the trial court properly applied the law to the facts of this case. See *Erickson v. Farmers Union Mut. Ins. Co.*, 311 N.W.2d 579 (N.D.1981).

■ Although Bakke raised other issues in his brief, the issue concerning the continuing contract law under Section 15–47–27, N.D.C.C., governs our disposition of this case. We need consider only those issues that are controlling. *Sanford v. Sanden*, 343 N.W.2d 776 (N.D.1984); *State v. Bergeron*, 340 N.W.2d 51 (N.D.1983).

The judgment is affirmed.

ERICKSTAD, C.J., and PEDERSON and GIERKE, JJ., concur.

Justice Paul M. Sand, who died on December 8, 1984, was a member of this Court at the time this case was submitted.