Filed 3/15/12 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2012 ND 53

City of Bismarck, Plaintiff and Appellant

v.

Daniel J. McCormick, Defendant and Appellee

No. 20110239

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Sonna M. Anderson, Judge.

REVERSED AND REMANDED.

Opinion of the Court by VandeWalle, Chief Justice.

Paul H. Fraase, City Prosecutor, P.O. Box 5503, Bismarck, ND 58506-5503, for plaintiff and appellant.

Michael R. Hoffman, P.O. Box 1056, Bismarck, ND 58502-1056, for defendant and appellee.

City of Bismarck v. McCormick

No. 20110239

VandeWalle, Chief Justice.

[¶1] 
The City of Bismarck appealed from a district court order granting Daniel J. McCormick’s post-trial motion for a judgment of acquittal.  We reverse the district court order and remand for further proceedings consistent with this opinion.

I.

[¶2] On November 17, 2010, McCormick was charged with driving under the influence in violation of a Bismarck city ordinance.  McCormick pled not guilty and requested a jury trial.  As provided by N.D.C.C. § 40-18-15.1, the matter was transferred from municipal court to district court for a jury trial.  The trial was held on June 28, 2011.  The jury returned a guilty verdict.  On July 1, 2011, McCormick filed a motion for a judgment of acquittal because the City did not introduce the driving-under-the-influence ordinance into evidence.  The City resisted, asserting McCormick was not surprised by the ordinance because the ordinance is almost identical to the statute prohibiting driving under the influence in the North Dakota Century Code.  The City also noted N.D.C.C. § 40-18-19 requires the district court to take judicial notice of a city ordinance on an appeal from municipal court, and an additional burden should not be imposed on the prosecution when the case is transferred rather than appealed.  The City further asserted McCormick’s post-trial motion was untimely because it was a motion that should have been made before trial.

[¶3] The district court granted McCormick’s motion for a judgment of acquittal.  The court held that without a statutory requirement it was not permitted to take judicial notice of a city ordinance unless a copy of the ordinance was received into evidence or the parties stipulated to its admission into evidence.  The court noted there is no statute similar to N.D.C.C. § 40-18-19 that requires a district court to take judicial notice of a city ordinance when the case is transferred for a jury trial under N.D.C.C. § 40-18-15.1.  The court also determined McCormick’s motion was timely because he argued the city failed on its burden of proof at trial, which was a motion he could not have argued before trial.

II. 

[¶4] McCormick argues the district court order is not appealable because it is a judgment of acquittal, and the City responds it can appeal the order because it has the effect of quashing an information.  The City has the same right to appeal as the State if the complaint charges a defendant with an act prohibited by city ordinance that is also prohibited by a state statute.  
City of Dickinson v. Kraft
, 472 N.W.2d 441, 442 (N.D. 1991).  The right to appeal must be expressly granted by statute.  
State v. Deutscher
, 2009 ND 98, ¶ 6, 766 N.W.2d 442. 

An appeal may be taken by the state from: 

1. An order quashing an information or indictment or any count thereof.

2. An order granting a new trial.

3. An order arresting judgment.

4. An order made after judgment affecting any substantial right of the state.

5. An order granting the return of property or suppressing evidence, or suppressing a confession or admission, when accompanied by a statement of the prosecuting attorney asserting that the appeal is not taken for purpose of delay and that the evidence is a substantial proof of a fact material in the proceeding. The statement must be filed with the clerk of district court and a copy must accompany the notice of appeal.   

N.D.C.C. § 29-28-07. 

[¶5] The first issue before this Court is whether the district court order should be treated as an order quashing an information, which is appealable, or as a judgment of acquittal, which is not appealable.  We have explained this distinction:

This question is not controlled by the form of the trial court’s ruling.  Rather, to determine what constitutes an acquittal, as distinguished from a dismissal quashing the information, we look at the substance of the judge’s ruling to determine whether it actually represents a resolution of some or all of the factual elements of the offense charged.  If the trial court’s decision is based upon legal conclusions rather than a resolution of some or all of the factual elements of the events charged, the ruling amounts to a dismissal or a quashing of the information from which the State has a right to appeal.

State v. Erickson
, 2011 ND 49, ¶ 7, 795 N.W.2d 375 (quoting 
Deutscher
, 2009 ND  98, ¶ 8, 766 N.W.2d 442) (internal citations and quotation marks omitted). 

[¶6] Here, the district court’s decision on the merits was based upon a legal conclusion.  All of the factual elements of the charged offense were resolved by the jury’s guilty verdict.  The court granted McCormick’s motion because it determined, under 
Keyes v. Amundson
, 391 N.W.2d 602 (N.D. 1986), it was not permitted to take judicial notice of the city ordinance without a statutory requirement comparable to N.D.C.C. § 40-18-19.  The district court’s decision is a legal conclusion concerning whether it could take judicial notice of the ordinance prohibiting the offense charged.  Therefore, we treat the order as an order quashing an information, giving the City the right to appeal. 

III. 

[¶7] The City argues McCormick’s motion for a judgment of acquittal was untimely because he was required to bring the motion prior to trial under N.D.R.Crim.P. 12(b)(3)(A) and (B).  “The determination of whether a motion has been timely filed is within the discretion of the trial court and will not be overturned on appeal unless the trial court abuses its discretion.”  
Brakke v. Brakke
, 525 N.W.2d 687, 689 (N.D. 1994).

[¶8] Rule 12(b), N.D.R.Crim.P., provides, in part:

(3) Motions That Must Be Made Before Trial.  The following must be raised before trial:

(A) a motion alleging a defect in instituting the prosecution;

(B) a motion alleging a defect in the indictment, information, or complaint — but at any time while the case is pending, the court may hear a claim that the indictment, information or complaint fails to invoke the court’s jurisdiction or to state an offense[.]

The City’s reliance on this rule is misplaced.  The rule governing the timeliness of McCormick’s motion is N.D.R.Crim.P. 29(c):  “After Jury Verdict or Discharge.  (1) Time for  a Motion.  A defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.”  McCormick filed his motion on July 1, 2011, three days after the guilty verdict.  McCormick’s motion was well within the fourteen-day period of Rule 29.  The district court did not abuse its discretion in determining McCormick’s motion was timely.

[¶9] The City also argues it is implicit in the transfer of a case from municipal court to district court for a jury trial that the ordinance will be judicially noticed in district court, therefore N.D.C.C. § 40-18-15.1 should be construed no differently than N.D.C.C. § 40-18-19 for purposes of judicial notice.  Alternatively, the City asserts the district court took judicial notice of the ordinance by including it in the jury instructions.  

[¶10] 
Statutory interpretation is fully reviewable on appeal as a question of law.  
Nelson v. Johnson
, 2010 ND 23, ¶ 12, 778 N.W.2d 773.  
Section 40-18-19, N.D.C.C., which governs an appeal from municipal court, states, in part: 

An appeal may be taken to the district court from a judgment of conviction or order deferring imposition of sentence in a municipal court in accordance with the North Dakota Rules of Criminal Procedure. . . . On all appeals from a determination in a municipal court, the district court 
shall take judicial notice
 of all of the ordinances of the city.  

(Emphasis added).  Section 40-18-15.1, which governs the transfer of a matter to district court for a jury trial, makes no reference to taking judicial notice of a city ordinance.  
See
 N.D.C.C. § 40-18-15.1.  In granting McCormick’s motion, the district court determined, “In the absence of a statutory requirement to take judicial notice of municipal ordinances, a trial court may not take judicial notice of a city ordinance unless the parties stipulate or a copy of the city ordinance is admitted into evidence.” The district court interpreted the requirement to take judicial notice of a city ordinance on appeal in section 40-18-19 and the absence of such a requirement in section 40-18-15.1 to preclude it from taking judicial notice of the city ordinance because the case was transferred to the district court for a jury trial.

[¶11] “Words used in any statute are to be understood in their ordinary sense, unless a contrary intention plainly appears, but any words explained in this code are to be understood as thus explained.”  N.D.C.C. § 1-02-02.  “Words in a statute are to be understood in their ordinary sense, that is the meaning an ordinary person could get from reading the section.”  
State v. Velasquez
, 1999 ND 217, ¶ 4, 602 N.W.2d 693.  Section 40-18-15.1 does not contain a prohibition against taking judicial notice of a city ordinance when the case is transferred to district court for a jury trial, and we decline to read such a prohibition into the statute.  N.D.C.C. § 40-18-15.1.  We will not read a prohibition against taking judicial notice of an ordinance into section 40-

18-15.1 simply because section 40-18-19 requires the district court to take judicial notice of an ordinance on appeal from municipal court.  N.D.C.C. §§ 40-18-15.1, 40-

18-19.   

[¶12] Rule 201, N.D.R.Ev., governs judicial notice of adjudicative facts.  N.D.R.Ev. 201(a).  The explanatory note to Rule 201 states:

Judicial notice of legislative facts, facts that aid the court in the interpretation and application of law and policy, is not governed by this or any other rule of evidence. . . . These rules contemplate that notice of legislative facts must be freely taken, without the requirement of first showing that the fact is one of common knowledge or capable of easy and accurate verification. 

N.D.R.Ev. 201 is patterned after Fed.R.Ev. 201, and we may look to persuasive federal authority when interpreting our rules.  
Aggie Investments GP v. Pub. Serv. Comm’n
, 470 N.W.2d 805, 811 (N.D. 1991).  The advisory committee notes to Federal Rule 201 define legislative facts as “those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a judge or court or in the enactment of a legislative body.”  Fed.R.Ev. 201 Advisory Committee Notes (1972).  City ordinances fit within this definition of legislative facts.  Therefore, the district court was able to “freely” take judicial notice of the ordinance.  
See
 N.D.R.Ev. 201 Explanatory Note.  If the district court had doubts about the existence or the language of the ordinance, it could have requested to see the ordinance just as it can request a citation to a statute in a non-municipal district court proceeding.  

[¶13] The district court relied on 
Keyes v. Amundson
 in determining it was not permitted to take judicial notice of the city ordinance absent a statutory requirement, stipulation of the parties, or admission of the ordinance into evidence.  In 
Keyes
, the issues on appeal were whether the district court abused its discretion in denying the defendants’ motion for a new trial based on newly discovered evidence, and whether the trial court erred in denying the defendants’ motion for judgment notwithstanding the verdict.  
Keyes
, 391 N.W.2d at 604, 607.  The 
Keyes
 opinion noted the  violation of a city ordinance may be considered evidence of negligence and outlined the standard for determining the admissibility of such evidence.  
Id.
 at 607-08.  Here, the case was transferred from municipal court to district court for a jury trial.  The ordinance is not evidence of the act; rather, it is the authority under which the criminal charge was filed and the case was transferred to district court.    

[¶14] After holding the district court abused its discretion in denying the defendants’ motion for new trial but did not err in denying their motion for judgment notwithstanding the verdict, this Court stated in 
Keyes
: 

Because some of the remaining issues raised on appeal may arise during the new trial, we will comment on those issues in the interest of judicial economy.  In the absence of a statutory requirement, courts of general jurisdiction may not take judicial notice of a municipal ordinance, and the ordinance must be introduced into evidence or stipulated to by the parties just as any other evidence. 

Id.
 at 607.  “Any comment in an opinion which is not essential to the determination of the case and which is not necessarily involved in the action is dictum and not controlling in subsequent cases.”  
Bakke v. St. Thomas Pub. Sch. Dist. No. 43
, 359 N.W.2d 117, 120 (N.D. 1984).  “‘A prior opinion is only stare decisis on points decided therein; any expression of opinion on a question not necessary for decision is merely dictum, and is not, in any way, controlling upon later decisions.’” 
Id.
 (quoting 
First Fed. Sav. and Loan Ass’n v. Scherle
, 356 N.W.2d 894, 897 (N.D.1984)).  The prefatory statement, “Because some of the remaining issues raised on appeal may arise during the new trial, we will comment on those issues in the interest of judicial economy[,]” indicates the expressions following it are dicta.  
Keyes
, 391 N.W.2d at 607.  Also, the statements, “In the absence of a statutory requirement, courts of general jurisdiction may not take judicial notice of a municipal ordinance, and the ordinance must be introduced into evidence or stipulated to by the parties just as any other evidence[,]” were not necessary to the determination of the issues on appeal.  
Id.
  Furthermore, the 
Keyes
 opinion did not discuss N.D.R.Ev. 201.  Because the statements are dicta, they are not controlling.  
See
 
Bakke
, 359 N.W.2d at 120. 

[¶15] The district court erred in holding it was prohibited from taking judicial notice of the city ordinance by 
Keyes
 and N.D.C.C. §§ 40-18-15.1 and 40-18-19.  In light of our disposition of this issue, we need not discuss the City’s remaining arguments.

IV.

[¶16] We reverse the district court order and remand for further proceedings consistent with this opinion.

[¶17] Gerald W. VandeWalle, C.J.

Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom