Marva D. NESS, individually and as parent and next friend of Leann Marie Ness, Andrew Philip Ness, and William Ryann Ness, minor children, Plaintiff and Appellee,

and

The North Dakota Workmen's Compensation Bureau, Plaintiff and Appellant,

v.

ST. ALOISIUS HOSPITAL, a corporation, Sister Corinne, Dr. L. E. Boyum and Dr. R. Pierce, Defendants and Appellees.

Civ. No. 10064.

Supreme Court of North Dakota.

Dec. 28, 1981.

Robert Vogel, Grand Forks, for plaintiff and appellee Marva D. Ness.

Wheeler, Wolf, Peterson & McDonald, Bismarck, for plaintiff and appellant; argued by David L. Peterson, Bismarck.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellee St. Aloisius Hospital.

Fleck, Mather, Strutz & Mayer, Bismarck, for defendant and appellee Dr. L. E. Boyum.

Zuger & Bucklin, Bismarck, for defendant and appellee Dr. R. Pierce.

PEDERSON, Justice.

■ This appeal involves a dispute in the application of the legal concept of subrogation of rights under the provisions of the North Dakota workmen's compensation statutes as affected by the expiration of the time specified in the applicable statute of limitations. Subrogation, which is not defined in the workmen's compensation law or elsewhere in our statutes, is: "a legal operation by which a third person who pays a creditor succeeds to his rights against the debtor as if he were his assignee." Webster's Third New International Dictionary. In an insurance matter this court said that, when the insurer pays a loss, it acquires an interest in the rights that the payee had against the person who is responsible for the loss. *See Weber v. United Hardware & Implement Mutuals Co.*, 75 N.D. 581, 31 N.W.2d 456, 459 (1948).

In this case, the loss for which the Workmen's Compensation Bureau made payments to Marva D. Ness, as the surviving widow and in behalf of three surviving minor children, was the death of Leroy A. Ness, the husband and father of the payees. Death benefits are payable by the Bureau when "the death is a direct result of an accepted compensable injury" (§ 65–05–16(4)(a), NDCC), which means "an injury by accident arising out of and in the course of employment including an injury caused by the willful act of a third person directed against an employee because of his employment" (§ 65–01–02(8), NDCC). In any event, the Bureau apparently made the determination that the death was "under circumstances creating in some person other than the [workmen's compensation] fund a legal liability" and that compensation was payable from the fund, thus bringing into play the provisions of § 65–01–09, NDCC, which relate to subrogation. That decision of the Bureau has not been questioned.

Pursuant to § 65–01–09, NDCC, the surviving widow and the surviving minor children may both claim compensation under the Workmen's Compensation Act and may "proceed at law to recover damages against [the third party]." If damages are recovered from the third party, specifically described subrogation rights of the Bureau (or fund) attach. If the survivors bring the action, they proceed in their own right and as trustee for the Bureau. If the survivors do not institute suit within 60 days, the Bureau may bring the action in its own name and as trustee for the survivors. If both the survivors and the Bureau decline to proceed, the employer may proceed.

■ No one proceeded against the third parties (the named defendants in this case) until the statute of limitations (§ 28–01–18(4), NDCC) had run as to the claim of Marva D. Ness as a surviving widow. *See Ness v. St. Aloisius Hospital*, 301 N.W.2d 647 (N.D.1981). The claim of the surviving children was held to be not barred and was ultimately settled for $200,000. When court approval of the settlement and disbursement thereof was sought, the trial court ruled that the Bureau's right of subrogation extended only to the amounts paid and payable by the Bureau on the claim of the surviving minor children. The court held that the Bureau was not entitled to subrogation as to the sums paid or payable to the surviving widow for the reason that both Mrs. Ness and the Bureau had permitted the statute of limitations to expire without proceeding against the third parties. We agree with this determination by the trial court.

The pertinent provision in § 65–01–09, NDCC, on which the Bureau relies in claiming that the trial court erred, has been changed several times, both before and after the time of this case. At the time of Leroy Ness's injury and death, and until July 1, 1981, the statute provided, in part:

"The fund shall be subrogated to the rights of the injured employee or his dependents to the extent of fifty percent of the damages recovered up to a maximum of the total amount paid or to be paid in compensation and benefits for the injured employee . . . ."

The quoted language is ambiguous. One possible interpretation adopted by the Bureau is that the rights of dependents (survivors), as well as rights of subrogation, are consolidated by the term used in the statute. That would be a reasonable interpretation of the language of the statute if it were not for the absurd results when, as in this case, it accomplishes, in fact, a revival of a claim lost by virtue of the running of the statute of limitations at the expense of the surviving minors but at no expense to the responsible third parties.

■ Statutes must be construed to avoid absurd results. *State v. Jelliff*, 251 N.W.2d 1 (N.D.1977); § 1–02–38(3), NDCC; § 1–02–39, NDCC. When the Legislature uses a term which has a peculiar and appropriate meaning in law, it shall be construed to such peculiar and appropriate meaning. Section 1–02–03, NDCC. See also *State v. Packard*, 40 N.D. 182, 168 N.W. 673, 677 (1918). The Bureau's right is one of subrogation only. Insofar as the Bureau stands in the shoes of Marva D. Ness in her individual capacity, when those rights are barred to the subrogee, Marva D. Ness, they are also barred to the subrogor, the Bureau.

■ In the order approving the settlement, the trial court held:

"The only attorney who has ever represented Marva D. Ness, Leann Marie Ness, Andrew Philip Ness and William Ryann Ness in this case is Robert Vogel, and he was retained upon a contingent fee of 25 percent of the net recovery in this action, and such fee has been earned and is payable out of the proceeds of this action. Robert Vogel is also entitled to a contingent fee of 25 percent of the net recovery of the North Dakota Workmens Compensation Bureau herein, pursuant to the provisions of section 65–01–09, N.D.C.C."

Section 65–01–09, NDCC, outlines the basis of attorney representation and compensation in this type of case. It is fraught with potential conflicts of interest. The interrelationships of contract law and legal ethics can distinguish disputes over lawyer's fees from other contract disputes. Nevertheless, the basic rules of contract law are applicable. Only the Bureau has raised any objections, and it has standing only to question that part of the trial court's order which relates to Robert Vogel's entitlement to a fee of twenty-five percent of the Bureau's recovery.

Under the circumstances here, where the settlement with the third party was almost entirely through the efforts of Robert Vogel, and the amount thereof has been specifically approved by the Bureau, a claim that Robert Vogel is not entitled to the lawyer fees set out in the statute and previously agreed upon is frivolous.

The order appealed from is in all things affirmed.

VANDE WALLE, Acting C. J., PEDERSON and SAND, JJ., and BEEDE and GARAAS, District Judges, concur.

BEEDE and GARAAS, District Judges, sitting in place of ERICKSTAD, C. J., and PAULSON, J., disqualified.