2006 ND 29

**Gail SIMON, Plaintiff**

v.

**Quentin SIMON, Defendant.**

**State of North Dakota, by and through the Foster County Social Service Board;  Plaintiff and Appellant**

**and**

**Gail M. Simon, Plaintiff**

v.

**Quentin Simon, Defendant and Appellee.**

**Nos. 20050279, 20050356.**

Supreme Court of North Dakota.

Jan. 31, 2006.

Mark Samuel Douglas, Child Support Enforcement Unit, Jamestown N.D., for plaintiff and appellant.

Quentin Simon, defendant and appellee; no appearance.

SANDSTROM, Justice.

[¶ 1]   The State of North Dakota ("the State"), through the Foster County Social Service Board, appeals from a district court judgment interpreting the offset provisions of the split custody and equal custody regulations of the child support guidelines.  We affirm, concluding the offset provisions apply to all split custody and equal custody cases, including those where one parent assigns the right to receive child support to the State.

I

[¶ 2]   Gail Simon and Quentin Simon were divorced in 2002.  The divorce judgment awarded them joint legal and physical custody of their two children.  In March 2003, both children began living with Gail Simon and she began receiving benefits on behalf of herself and the two children under Temporary Assistance to Needy Families ("TANF").  By applying for TANF, Gail Simon assigned all rights to support, that she or any member of her family may have, to the State under N.D.C.C. § 50–09–06.1.  As a result, in March 2003, the State filed a separate action against Quentin Simon for child support.  He did not answer the State's complaint.

[¶ 3]   In June 2003, Gail Simon moved to modify custody and child support.  In September 2003, the district court awarded Gail Simon primary physical custody of one child and awarded Quentin Simon primary physical custody of the other child. The court did not set the parents' child support obligations at that time.  After the custody modification, Gail Simon continued to receive TANF benefits through July 2005, on behalf of herself and the child in her physical custody.

[¶ 4]   In January 2004, the State moved to consolidate its action against Quentin Simon with the Simons' divorce proceeding

and asked the court to order child support. The district court granted the State's motion to consolidate. In March 2004, the State moved for default judgment in its action against Quentin Simon. The State submitted a proposed order that set each parent's child support obligation under the split and equal custody provisions of the child support guidelines. N.D. Admin. Code §§ 75–02–04.1–03 and 75–02–04.1–08.2. The State argued the offset provisions of the split and equal custody regulations did not apply to the parties' support obligations during the periods when Gail Simon was receiving TANF benefits, because she assigned the right to receive the child support to the State. The State claimed when one parent assigns the right to receive support to the State, each parent should pay the actual amount of his or her support obligation instead of the offset amount. The State therefore asserted it was entitled to reimbursement from Quentin Simon for the entire amount of his support obligation and not for only the offset amount.

[¶ 5] The district court entered an amended judgment setting Gail Simon's child support obligation at $168 a month and Quentin Simon's child support obligation at $330 a month. The court rejected the State's assertion that the offset provisions did not apply during the periods when Gail Simon received TANF benefits and she had assigned the right to receive child support to the State. The court offset the parents' obligations and ordered Quentin Simon to pay the net difference of $162 a month from September 2003 through July 2005 when Gail Simon was receiving TANF benefits and had assigned the right to receive support to the State.

[¶ 6] The district court also decided the parents' child support obligations under the equal custody provision in N.D. Admin. Code § 75–02–04.1–08.2, for the seven months from March 2003 to September 2003, when both children were living with Gail Simon. For that time period, Quentin Simon's support obligation was set at $441 per month, and Gail Simon's support obligation was set at $200 per month. The court offset those amounts and ordered Quentin Simon to pay the net difference of $241 per month for those seven months.

[¶ 7] The district court interpreted N.D. Admin. Code §§ 75–02–04.1–03 and 75–02–04.1–08.2 to require an offset in the parents' support obligations in all equal and split custody cases, regardless of whether one parent assigns the right to receive child support to the State. The district court's interpretation means Gail Simon's assignment of her rights to the State entitled the State to receive only the net difference between the parents' child support obligations and not Quentin Simon's entire child support obligation.

[¶ 8] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. § 28–27–01.

II

[¶ 9] The only issue on appeal involves the interpretation of N.D. Admin. Code §§ 75–02–04.1–03 and 75–02–04.1–08.2, and whether the offset in the parents' child support obligations applies when one parent has assigned the right to receive support to the State. The State contends the offset provisions of those regulations do not apply when one parent assigns the right to receive support to the State, and the State is entitled to reimbursement for the entire support obligation of the other parent.

[¶ 10] Child support determinations involve questions of law subject to

the de novo standard of review, findings of fact subject to the clearly erroneous standard of review, and may involve matters of discretion subject to the abuse of discretion standard of review. *Buchholz v. Buchholz,* 1999 ND 36, ¶ 11, 590 N.W.2d 215. A court errs as a matter of law when it fails to comply with the requirements of the child support guidelines established by the Department of Human Services. *Id.*

[¶ 11] Administrative regulations are derivatives of statutes and are construed using well established principles of statutory construction. *Gofor Oil, Inc. v. State,* 427 N.W.2d 104, 108 (N.D.1988). Statutory interpretation is a question of law subject to full review upon appeal. *GO Comm. ex rel. Hale v. City of Minot,* 2005 ND 136, ¶ 9, 701 N.W.2d 865.

[¶ 12] The primary objective in interpreting a statute is to determine the intent of the legislature by first looking at the language of the statute. *Amerada Hess Corp. v. State ex rel. Tax Comm'r,* 2005 ND 155, ¶ 12, 704 N.W.2d 8. Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise. N.D.C.C. § 1–02–02. Statutes are construed as a whole and are harmonized to give meaning to related provisions. N.D.C.C. § 1–02–09.1. If the language of a statute is clear and unambiguous, "the letter of the statute cannot be disregarded under the pretext of pursing its spirit." N.D.C.C. § 1–02–05. A statute is ambiguous if it is susceptible to different, rational meanings. *Amerada,* at ¶ 12. If the language is ambiguous or doubtful in meaning, the court may consider extrinsic aids, such as legislative history, to determine legislative intent. N.D.C.C. § 1–02–39.

A

[¶ 13] Parents have a mutual duty to support their children. N.D.C.C. § 14–09–08. In this case, the parents have split custody of their two children and a support obligation has been set for each child. Split custody occurs when parents have more than one child in common and each parent has physical custody of at least one child. N.D. Admin. Code § 75–02–04.1–01(11). Section 75–02–04.1–03, N.D. Admin. Code, sets out the procedure for determining each parent's child support obligation when split custody is ordered:

> Determination of child support obligation—Split custody. A child support obligation must be determined for the child or children in each parent's custody. The lesser obligation is then subtracted from the greater. The difference is the child support amount owed by the parent with the greater obligation.

The language of the regulation does not support the State's position that the offset does not apply when one parent assigns the right to receive support to the State. Section 75–02–04.1–03, N.D. Admin. Code, applies in all split custody cases to determine the parents' child support obligation and does not provide an exception when a parent assigns the right to receive support to the State.

[¶ 14] Even if we were to agree with the State that the provision is ambiguous, the rulemaking history does not support the State's position. Section 75–02–04.1–03, N.D. Admin. Code, was amended in 2003, before that amendment, it provided:

> Determination of support amount—Split custody. A support amount must be determined for the child or children in each parent's sole custody. The lesser amount is then subtracted from the greater. The difference is the child sup-

port amount owed by the parent with the greater obligation.

[¶ 15] The history for the 2003 amendment is particularly relevant. The regulation was amended to clarify that each parent has a "child support obligation" and that the "amount owed" was not the sole obligation. *Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee*, p. 13 (May 29, 2002). Before the regulation was amended there was some confusion about whether the "amount owed" was the sole child support obligation. *Id.* at 13–14. The Child Support Guidelines Drafting Committee ("the Committee") recognized that in split custody cases both parents owe a support obligation and the monthly "amount owed" is not the sole obligation. *Id.* at 14. The Committee also recognized the offset is used simply for the convenience of the parents. *Id.*

[¶ 16] While considering revision of the language of the split custody regulation to clarify that both parents have a child support obligation, the Committee was aware that problems may arise when one parent assigns the right to receive child support to the State in exchange for TANF benefits. *Id.* at 13. The Committee knew the regulation did not specifically address the situation and that there may be some confusion in determining the parents' child support obligations during the time when one parent receives TANF benefits. *Id.* at 13–14. The Committee considered recommending adoption of language that would have provided for an exception to the offset provision when one parent assigns the right to receive support to a "governmental entity." *Id.* at 15; *Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee*, p. 2 (June 6, 2002). The Committee decided not to recommend that language because of possible problems when

the offset is not applied, including the fluctuating monthly amounts of child support the parents would pay, how parents would receive notice of the change in the monthly payment, and the consequences when one parent could not pay his or her obligation. *Id.* at 3–4.

[¶ 17] "It must be presumed that the Legislature intended all that it said, and that it said all that it intended to say." *Little v. Tracy*, 497 N.W.2d 700, 705 (N.D. 1993). If the Committee had intended to preclude application of the offset when one party assigns the right to receive support, the Committee would not have rejected the assignment language, or the Committee would have clarified that the regulation already addressed the assignment issue. The Committee's rejection of the assignment language supports a conclusion that the drafters of the regulation intended that the offset provision apply to all split custody cases.

[¶ 18] The State's position also is not consistent with historical application of the regulation. Before the regulation was amended, the offset was applied in all split custody cases, whether or not one parent assigned the right to receive support. *Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee*, p. 3 (June 6, 2002). The 2003 amendment was specifically intended to clarify that each parent has a child support obligation and the difference in the amount owed was not the sole obligation; there is no indication that the drafters of the amended regulation intended to change the application of the rule. In fact, the Committee specifically rejected language that would have provided an exception to the offset provision. Continuing to apply the offset when one parent assigns to the State the right to support allows for consistency in application of the regulation.

[¶ 19] The State also argues deference should be given to the agency's reasonable interpretation of its own regulation. An administrative agency's interpretation of a statute is entitled to deference if the statute is complex and technical in nature, or if the statute is reenacted after a contemporaneous and continuous construction of the statute by the administrative agency. *State ex rel. Clayburgh v. American West Community Promotions, Inc.*, 2002 ND 98, ¶ 7–9, 645 N.W.2d 196. Neither of these conditions exist in this case. The administrative regulation is not complex and technical in nature, and the regulation was not reenacted after contemporaneous and continuous construction by an administrative agency. In this case, the agency interpretation is given much less weight, because the question is purely one of interpretation of the regulation dependent only on accurate comprehension of legislative intent. *Id.* at ¶ 7.

[¶ 20] We conclude the offset provision of N.D. Admin. Code § 75–02–04.1–03 applies in all split custody cases, regardless of whether one parent has assigned the right to receive support to the State as reimbursement for TANF benefits.

### B

[¶ 21] Section 75–02–04.1–08.2, N.D. Admin. Code, adopted in 2003, outlines the method for determining child support when parents have equal custody:

Equal physical custody—Determination of child support obligation. A child support obligation must be determined as described in this section in all cases in which a court orders each parent to have equal physical custody of their child or children. Equal physical custody means each parent has physical custody of the child, or if there are multiple children, all of the children, exactly fifty percent of the time. A child support obligation for each parent must be calculated under this chapter assuming the other parent is the custodial parent of the child or children subject to the equal physical custody order. The lesser obligation is then subtracted from the greater. The difference is the child support amount owed by the parent with the greater obligation. Each parent is an obligee to the extent of the other parent's calculated obligation. Each parent is an obligor to the extent of that parent's calculated obligation.

[¶ 22] The Committee recommended adoption of this section in response to this Court's conclusion that the child support guidelines failed to address child support obligations when parents have equal custody. *Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee*, p. 17–18 (June 6, 2002); *see Knutson v. Knutson*, 2002 ND 29, ¶ 20, 639 N.W.2d 495 (stating the guidelines did not address equal custody). The Committee used the split custody regulation as a guide for drafting the recommended equal custody regulation and decided the same procedure for calculating support obligations should be used in both cases to provide consistency in the guidelines. *Minutes of the Department of Human Services Child Support Guidelines Drafting Advisory Committee*, p. 6 (June 11, 2002). The Committee based the offset provision of N.D. Admin. Code § 75–02–04.1–08.2 on the offset provision of N.D. Admin. Code § 75–02–04.1–03 and intended the sections be applied in a consistent manner. We therefore construe the provisions similarly, and we conclude the offset provision of N.D. Admin. Code § 75–02–04.1–08.2 applies in all equal custody cases, including cases when one parent receives TANF benefits and

assigns the right to receive child support to the State.

### III

[¶ 23] We hold the offset provisions of N.D. Admin. Code §§ 75–02–04.1–03 and 75–02–04.1–08.2 apply to the parents' child support obligations when one parent assigns the right to receive child support to the State as reimbursement for the TANF benefits received. We therefore conclude the district court correctly applied the child support guidelines, and we affirm the district court's judgment.

[¶ 24] GERALD W. VANDE WALLE, C.J., CAROL RONNING KAPSNER, MARY MUEHLEN MARING, and DANIEL J. CROTHERS, JJ., concur.