Filed 2/8/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 33

Michael Sorenson, Plaintiff and Appellant

v.

Barbara J. Felton, Defendant and Appellee

No. 20100256

Appeal from the District Court of Mountrail County, Northwest Judicial District, the Honorable William W. McLees, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Crothers, Justice.

Robert Garold Hoy (argued), 901 13th Avenue E., P.O. Box 458, West Fargo, ND 58078-0458, for plaintiff and appellant.

Mollie Mae Smith (argued) and Lawrence Bender (on brief), 200 N. 3rd Street, Suite 150, P.O. Box1855, Bismarck, ND 58502-1855, for defendant and appellee.

Sorenson v. Felton

No. 20100256

Crothers, Justice.

[¶1] Michael Sorenson appeals the district court’s judgment quieting title to oil, gas and other minerals in George B. Felton, Jr.  We reverse and remand for entry of a judgment quieting title to the oil, gas and other minerals in Sorenson. 

I

[¶2] On May 20, 2008, Sorenson filed a complaint to quiet title in the minerals under Section 12: SW 1/4 NW 1/4, NW 1/4 SW 1/4 in Mountrail County.  Barbara J. Felton (“Felton”) answered and counter-claimed for the title to be quieted in her name.  The material facts were stipulated below and are not in dispute.  

[¶3] Sorenson is the surface owner of the disputed land.  Felton acquired an interest in the disputed land minerals through a personal representative deed on August 23, 1984.  Prior to January 9, 2008, Felton had not used the minerals or filed notice of claim.  On January 17, 24, and 31, 2007, Sorenson published a notice of lapse of mineral interest in the official newspaper for Mountrail County, North Dakota.  

[¶4] Sorenson conducted a Yahoo! People search for Felton prior to his attorney mailing the notice of lapse to Felton using the St. Petersburg, Florida address listed on the personal representative deed.  Sorenson found over twenty entries for Barbara Felton in the United States, none in Florida and none for Barbara J. Felton.  Sorenson recorded a notice of lapse with the county recorder on March 22, 2007.  

[¶5] John Schmitz, a landman and owner of Schmitz Oil Properties, became interested in leasing the disputed land minerals.  Schmitz was unable to locate Felton at the St. Petersburg address but looked in California because the two other people listed on the personal representative deed had California addresses.  Schmitz conducted a search using whitepages.com and found Felton and her son in California.  On January 9, 2008, Felton entered an Oil and Gas Lease with Schmitz Oil Properties covering her interest in the minerals, and the lease was recorded on January 16, 2008.  Felton recorded a Statement of Claim regarding her interest in the minerals of the disputed land on February 1, 2008.  On September 18, 2008, Felton executed a mineral deed attempting to convey the mineral interest to her son, Geroge B. Felton, Jr.

[¶6] On July 28, 2010, the district court quieted title to the minerals in George B. Felton, finding Sorenson did not strictly comply with chapter 38-18.1, N.D.C.C., because he did not conduct a reasonable inquiry to determine Felton’s then current address.  The district court also found that the statute must be strictly construed in favor of the person whose property interest is forfeited.  Sorenson appealed.

II

[¶7] Sorenson argues the district court erred by finding the pre-2007 version of section 38-18.1-06, N.D.C.C., requires a surface owner to conduct a reasonable inquiry for the mineral owner’s address when an address appears of record.  Felton argues the surface owner is required to conduct a reasonable inquiry even if the mineral owner’s address appears of record.  

[¶8] “Interpretation of a statute is a question of law, fully reviewable on appeal.”  
Wheeler v. Gardner
, 2006 ND 24, ¶ 10, 708 N.W.2d 908.  We have explained:

“The primary objective in interpreting a statute is to determine the intent of the legislature by first looking at the language of the statute.  
Amerada Hess Corp. v. State ex rel. Tax Comm’r
, 2005 ND 155, ¶ 12, 704 N.W.2d 8.  Words in a statute are given their plain, ordinary, and commonly understood meaning, unless defined in the code or unless the drafters clearly intended otherwise.  N.D.C.C. § 1-

02-02.  Statutes are construed as a whole and are harmonized to give meaning to related provisions.  N.D.C.C. § 1-02-09.1.  If the language of a statute is clear and unambiguous, ‘the letter of the statute cannot be disregarded under the pretext of pursing its spirit.’  N.D.C.C. § 1-

02-05.  A statute is ambiguous if it is susceptible to different, rational meanings.  
Amerada
, at ¶ 12.  If the language is ambiguous or doubtful in meaning, the court may consider extrinsic aids, such as legislative history, to determine legislative intent.  N.D.C.C. § 1-02-39.”

Sauby v. Fargo
, 2008 ND 60, ¶ 8, 747 N.W.2d 65 (quoting 
Simon v. Simon
, 2006 ND 29, ¶ 12, 709 N.W.2d 4).  

[¶9] Chapter 38-18.1, N.D.C.C., provides the procedure for a surface owner to succeed to the ownership of an abandoned mineral interest under his land.  Section 38-18.1-06, N.D.C.C., was amended effective August 1, 2007 and August 1, 2009.  The amendments do not affect this case because the abandonment proceedings occurred before the 2007 amendment went into effect. The quiet title action was commenced before the 2009 amendments became effective.  Neither the 2007 nor the 2009 amendments were made retroactive.  
See
 N.D.C.C. § 1-02-10 (“No part of this code is retroactive unless it is expressly declared to be so.”); 
White v. Altru Health Sys.
, 2008 ND 48, ¶ 17, 746 N.W.2d 173 (stating the Legislature is required to give explicit notice if a statute is to apply retroactively).  

[¶10] The law applicable to this case provides:

“Any mineral interest is, if unused for a period of twenty years immediately preceding the first publication of the notice required by section 38-18.1-06, deemed to be abandoned, unless a statement of claim is recorded in accordance with section 38-18.1-04.  Title to the abandoned mineral interest vests in the owner or owners of the surface estate in the land in or under which the mineral interest is located on the date of abandonment.”  

N.D.C.C. § 38-18.1-02 (2004).  The parties agree the mineral interest was not used for twenty years and Felton did not record a notice of claim prior to January 2008.  

[¶11] The surface owner must comply with the notice provisions in section 38-18.1-

06, N.D.C.C., to claim the abandoned minerals.  N.D.C.C. § 38-18.1-02 (2004).  Section 38-18.1-06, N.D.C.C., is not a model in drafting clarity.  However, the purpose and meaning of the statute can be understood when looking at the whole provision.  First, section 38-18.1-06(1) requires notice by publication.  N.D.C.C. § 38-18.1-06(1) (2004).  It is undisputed that Sorenson complied with the publication requirements.  Then, section 38-18.1-06(2) requires notice by mail “if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry.”  N.D.C.C. § 38-18.1-06(2) (2004).

[¶12] Sorenson sent notice to Felton in Florida, at the address appearing on the personal representative deed.  Sorenson argues no requirement to conduct a reasonable inquiry existed because Felton’s address was shown of record.  Felton argues Sorenson was required to conduct a reasonable inquiry because the record address was more than twenty years old.

[¶13] Here, the terms “shown of record” and “determined upon a reasonable inquiry” are separated by “or.”  N.D.C.C. § 38-18.1-06(2) (2004).  When interpreting statutes, words are given their ordinary meaning.  
See
 N.D.C.C. § 1-02-02.  “The word ‘or’ is disjunctive in nature and ordinarily indicates an alternative between different things or actions. . . . Terms or phrases separated by ‘or’ have separate and independent significance.”  
State v. FreeEats.com, Inc.
, 2006 ND 84, ¶ 14, 712 N.W.2d 828 (internal quotations omitted).  The words “shown of record” and “determined upon reasonable inquiry” relate to separate and alternative considerations for how a surface owner is to obtain the mineral owner’s address for mailing the notice.  N.D.C.C. § 38-

18.1-06(2) (2004).  These phrases have independent legal significance because each requires different conduct based on the information available to the surface owner.  Therefore, we conclude the word “or” is disjunctive as used in section 38-18.1-06(2).  N.D.C.C. § 38-18.1-06(2) (2004). 

[¶14] Under our construction, Sorenson was required to conduct a reasonable inquiry only if Felton’s address was not shown of record.  Here, Felton’s address was shown of record so no additional inquiry was required.  Felton argues this interpretation leads to an absurd result.  “Statutes must be construed to avoid absurd results.”  
Toso v. Workforce Safety & Ins.
, 2006 ND 70, ¶ 25, 712 N.W.2d 312 (quoting 
Ness v. St. Aloisius Hospital
, 313 N.W.2d 781, 782-83 (N.D. 1981)).  Felton claims our result is absurd because a surface owner with knowledge of a mineral owner’s correct mailing address could send notice to an incorrect record address.  First, Felton’s scenario is not the set of facts before us, and we will not issue an advisory opinion.  
State v. Hansen
, 2006 ND 139, ¶ 7, 717 N.W.2d 541.  Second, the Legislature had an array of options from which it could specify how locating an address for mailing notice was to be accomplished.  The separation of government functions and powers prohibit us from grading the legislative choice as good, better or best.  
See
 
Fetzer v. Minot Park Dist.
, 138 N.W.2d 601, 604 (N.D. 1965) (“The courts cannot legislate, regardless of how much we might desire to do so.”).  Rather, our judicial review in this case is limited to determining the law’s meaning according to the rules of construction.  
Id.
  When those rules are applied here, there is not an absurd result because Felton would have received notice if she had kept her address of record current.

[¶15] Felton argues the plain language of the statute allows mailing to the address of record only if the address of record actually is the mineral owner’s correct address.  Felton extracts the language “the address of the mineral interest owner” from the statute to make this argument.  N.D.C.C. § 38-18.1-06 (2004).  The full phrase provides, “[N]otice must also be made by mailing a copy of the notice to the owner of the mineral interest” “if the address of the mineral interest owner is shown of record or can be determined upon reasonable inquiry.”  
Id.
  “Words and phrases must be construed according to the context and the rules of grammar.”  N.D.C.C. § 1-02-

03.  This Court “interpret[s] statutes to give meaning and effect to every word, phrase, and sentence, and do[es] not adopt a construction which would render part of the statute mere surplusage.”  
State v. Laib
, 2002 ND 95, ¶ 13, 644 N.W.2d 878.  The language in the statute does not indicate “address of the mineral interest owner” is a separate clause, and Felton’s interpretation ignores the remaining language in the statute.

[¶16] Felton asserts the legislative history of chapter 38-18.1, N.D.C.C., shows the Legislature intended a reasonable inquiry to be required in every case because the purpose of the chapter is to ensure adequate protection for mineral owners’ rights.  Sorenson argues if the Legislature wanted to require a reasonable inquiry in every case the Legislature knew how to write the statute to require it.  “[W]hen the letter of the law is clear and free of ambiguity, we need look no further than the statutory language, . . . and ‘it is neither necessary nor appropriate to delve into legislative history to determine legislative intent.’”  
Douville v. Pembina County Water Res. Dist.
, 2000 ND 124, ¶ 11, 612 N.W.2d 270 (quoting 
Born v. Mayers
, 514 N.W.2d 687, 689 (N.D. 1994)) (internal citation omitted).  We conclude, it is inappropriate to look to the legislative history to interpret the statute because the language in section 38-18.1-06, N.D.C.C., is not ambiguous. 

III

[¶17] The district court’s judgment is reversed and remanded for entry of a judgment quieting title to the minerals in Sorenson. 

[¶18] Daniel J. Crothers

Mary Muehlen Maring

Carol Ronning Kapsner

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.