[File No. 6929]

WILLIAM LANGER, Respondent, v. JOHN GRAY, as State Tax Commissioner of the State of North Dakota, Appellant.

(15 NW(2d) 732)

Opinion filed September 19, 1944

*Alvin C. Strutz,* Attorney General, *C. E. Brace,* Assistant Attorney General, and *Charles Simon,* for appellant.

*Cox, Cox & Pearce* and *J. K. Murray*, for respondent.

MORRIS, Ch. J.   This matter comes to the Supreme Court upon an appeal from a judgment of the District Court of Burleigh County, decreeing that a certain additional assessment of income taxes against William Langer for the year 1938 is null and void and canceled of record.   This judgment was entered upon a motion for judgment upon the pleadings.   No trial has been had upon the merits.

The proceedings that led up to the entry of the judgment are as follows:   During the year 1938 the taxpayer involved herein was a citizen and resident of the State of North Dakota and subject to the payment of an income tax as provided by law.   Prior to March 15, 1939 the taxpayer requested of the Tax Commissioner an extension of time within which to file his 1938 return which would otherwise have become due on March 15, 1939 under the provisions of § 5, chap 241, N. D. Sess. Laws 1937.   The request was granted and the taxpayer was given until May 31, 1939 to file his 1938 return.   The return was filed May 26, 1939 and contained a report and computation of the tax. The return was accompanied by payment of the tax as computed therein.

On April 16, 1942 the Tax Commissioner made an additional assessment of an amount of tax over and above that already paid. Notice of this assessment was served on the taxpayer on April 22, 1942. This notice contained a statement that protest of the additional assessment might be made within 30 days. The taxpayer verbally protested and requested a hearing on the additional assessment and it was agreed by the taxpayer and the Commissioner that a hearing be had on April 28, 1942. On that date the taxpayer appeared and a stipulation was entered into in writing between the taxpayer and the Commissioner waiving the usual written protest and written notice of hearing. The hearing then proceeded and the taxpayer's testimony was taken under oath. After the hearing the Commissioner again computed the additional assessment and fixed it at the sum of $1566.67 which was a reduction of $27.75 from the original reassessment. Notice of the amount of this last computation was received by the taxpayer on November 10, 1942. On November 24 the taxpayer served a notice of appeal from the order thus redetermining his assessment. This notice purports to take an appeal to the District Court from the order of the Tax Commissioner and is given pursuant to § 15, chap 240, N. D. Sess. Laws 1941. That chapter prescribes uniform rules of practice for reviewing determinations of administrative agencies by the Courts. It is not a part of the income tax statutes. The notice of appeal was accompanied by specifications of error. The Tax Commissioner moved to dismiss the appeal for want of jurisdiction upon two counts. First, that no complaint had been filed as provided by the appellate procedure contained in the income tax act (§ 2346a38, Supp to Comp. Laws), and, second, that the order from which the appeal was taken was not an appealable order under the provisions of the act under which the appeal was attempted to be taken (§ 15, chap 240, supra). On December 1, 1942 the Court, after hearing, made an order staying enforcement of the additional assessment until the further order of the Court.

On December 3, 1942 the taxpayer commenced a proceeding against the Commissioner under the provisions of § 2346a38, Supp to Comp. Laws, wherein he sought a determination by the District Court that

the additional assessment be declared null and void. An answer was served by the Commissioner.

On November 18, 1943, the taxpayer moved for judgment on the pleadings. When this matter came on for hearing the Commissioner again pressed his motion for dismissal of the appeal. The entire matter was then heard before the District Court who made findings against the Commissioner on his motion to dismiss the appeal and further found that the taxpayer was entitled to judgment on the pleadings, decreeing the additional assessment null and void. This appeal is taken from the judgment entered upon those findings.

This matter was presented to the District Court through two attempted appeals. One taken under the Administrative Agencies Uniform Practice Act (chap 240, N. D. Sess. Laws 1941), the other was taken under the appeal provisions of the Income Tax Statutes (§ 2346a38, Supp to Comp. Laws). The Court denied the motion to dismiss the appeal under the first method, which denial is specified as error herein. There are two grounds set forth as a basis of the motion. The first is that an appeal must be taken in this instance under the procedure outlined in the Income Tax Statutes, rather than under the Administrative Agencies Uniform Practice Act. That act purports to provide a uniform practice to be pursued by administrative agencies and a uniform method of reviewing determinations of such agencies. Section 1 of the act defines the terms "administrative agencies" and "the agency" to "mean and include any officer, board, commission, bureau, department, or tribunal other than a court, having state-wide jurisdiction and authority to make any order, finding, determination, award, or assessment which has the force and effect of law and which by statute is subject to review in the courts of this state." The State Tax Commissioner is clearly an officer whose powers and duties bring him within the scope of this definition.

Section 22 of this act provides: "This act, and the procedure herein specified, shall apply to all claims and proceedings filed in or commenced by any administrative agency subsequent to the date when this act becomes effective."

Its declared purpose was to provide uniform rules of practice and

proceedings before the agencies covered thereby and for appeals to the courts from the determinations of such agencies.

Under the rules provided for appeals the right of appeal is limited to final orders or decisions and orders or decisions substantially affecting the rights of parties. Procedural orders made during the pending of a hearing are not to be deemed final orders or orders affecting substantial rights.

It is argued that the order of the Tax Commissioner from which the appeal is taken is not a final order because the taxpayer had a further administrative remedy which was the right to apply for a revision under the provisions of chap 240, N. D. Sess. Laws 1929.

The Commissioner argues that the taxpayer did not apply for a revision of the tax assessed against him within the meaning of § 2346a37, Supp to Comp. Laws, as amended by chap 240, N. D. Sess. Laws 1929, and thus not having exhausted his remedies before the Commissioner could not appeal and that the attempted appeal, therefore, conferred no jurisdiction upon the District Court. We are unable to agree with the Commissioner on this point. An additional assessment was made which was protested by the taxpayer, whereupon, a hearing was had by agreement. As a result of that hearing the Commissioner modified the additional assessment by reducing it a small amount and notified the taxpayer of the final amount of assessment so determined. Under chap 240, N. D. Sess. Laws 1929 the taxpayer may apply to the Commissioner for a revision of the tax assessed against him. The Tax Commissioner is then required to grant a hearing and "if upon such hearing, he shall determine that the tax is excessive or incorrect, he shall resettle the same according to law and facts and adjust the computation of the tax accordingly." That is, in effect, what happened in this case. The Commissioner assessed an additional tax. Upon protest of the taxpayer a hearing was had at which the computation of the tax was adjusted and the taxpayer notified of the result.

The assessment made by the original order assessing the additional tax was reconsidered and revised. The order from which the appeal is taken was the result of that revision. The fact that this order made a reduction in the amount of the tax to be paid did not make it less of a revision, nor did the further fact that it was made after a hearing

had by mutual consent instead of on a formal written application destroy its attributes as a final determination. The order in question in essence and reality was a redetermination of an additional tax and a resettlement and adjustment thereof within the contemplation of § 2, chap 240, N. D. Sess. Laws 1929. It is not the design of that statute to provide for successive applications and hearings upon matters that have been fully examined and considered. It does not contemplate a redetermination of a redetermination, or a review of a review. The order in question is a final order. The Tax Commissioner is an administrative agency subject to the Administrative Agencies Uniform Practice Act. An appeal was taken pursuant to the provisions of Sec. 15 of that act. The appeal conferred jurisdiction upon the District Court and that Court properly denied the motion to dismiss.

The trial court considered the entire record before him, including pleadings that were filed in an attempt to comply with the appellate provisions of the income tax statutes as set forth in § 2346a38, Supp to Comp. Laws. The findings disclose that his decision was made upon the entire record and that he reached the conclusion that the additional assessment was made too late and at a time when the period prescibed for such assessment had expired, with the result that the additional assessment was adjudged to be void.

The statute authorizing additional assessment to be made is chap 284, N. D. Sess. Laws 1931. The pertinent language provides that: "The Tax Commissioner shall as soon as possible after the receipt of the report and remittance issue a receipt to the taxpayer for the amount of his remittance. Such receipt shall not be a receipt in full for the amount of tax due, but only for the remittance made by the taxpayer. The Tax Commissioner shall proceed to audit the reports of taxpayers and not later than three years after the due date of the return assess the tax and if any additional tax is found due, shall notify the taxpayer in deetail as to the reason for the increase." Section 5 of chap 241, N. D. Sess. Laws 1937 provides for the filing of returns and extensions of time in the following language: "Returns shall be made on or before the fifteenth day of the third month following the close of the fiscal year, or if the return is made on the basis of the calendar year, then the return shall be made on or before the fifteenth day of March. Pro-

·viding, however, that the time for filing of calendar year returns for the year 1936 be extended to April 15, 1937. The Tax Commissioner may grant reasonable extensions of time for filing reports, when in his judgment good cause exists."

Upon application of the taxpayer made prior to March 15, 1939, the time for filing the return was extended by the Commissioner until May 31, 1939. The return was actually filed on May 26. The notice of additional assessment was served on the taxpayer on April 22, 1942. Thus, the notice of additional assessment was given more than three years after March 15, 1939, but within the period of three years following May 31, 1939, the date to which the time for filing the return had been extended, and within three years from the date of the actual filing of the return and payment of the tax. The Commissioner contends that the three year period within which he might levy an additional tax did not begin to run until the expiration of the extended time for filing the return, or at least until the return was actually filed. The taxpayer contends that "the due date of the return" was March 15, while the Commissioner contends that "the due date of the return" was the date to which the period for filing was extended by the Commissioner at the request of the taxpayer. The "due date of the return" means the time appointed or required for filing the return. The statute, in the first instance, fixes that date as March 15 but it gives to the Commissioner the authority to grant reasonable extensions of time. The extension in this case was applied for and granted prior to March 15. Under it no return was required to be filed until May 31. No tax was required to be paid until that date. The return did not become due on March 15 because the time for filing it had been extended to a later date. We can reach no other conclusion but that "the due date" of an income tax return is that date when it is actually required to be filed. If no extension is granted, the statute fixes that date as of March 15. If an extension is granted, March 15 is then not the due date for it is extended to such time as is fixed by the order of the Tax Commissioner. The return was not required to be filed until the time fixed by the order of the Tax Commissioner. That order and not the statute fixed the due date of the tax return in this case, which was May 31, .1939. The additional tax was levied and notice thereof given to the

taxpayer within three years from that date. The trial court erred in determining that the additional tax was levied too late. The judgment is, therefore, reversed and the case remanded to the District Court for further proceedings not inconsistent herewith.

BURKE, NUESSLE, BURR and CHRISTIANSON, JJ., concur.