[File No. 6956]

THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a Corporation, Appellant, v. MARGUERITE ETHEL KELLY, as Administratrix with the Will Annexed of the Estate of John Heffernan, Deceased, Respondent.

(17 NW(2d) 906)

Opinion filed March 5, 1945

*Nilles, Oehlert & Nilles,* for appellant.

624

*Walter O. Burk*, for respondent.

MORRIS, J. This is an appeal from a judgment dismissing plaintiff's action on the ground that it is barred by the six-year statute of limitations (Rev Code 1943, § 28–0116). The facts are all stipulated. On August 14, 1925, John Heffernan procured a real estate loan from the Royal Union Life Insurance Company in the amount of $7782.75 which was·evidenced by eleven promissory notes in various amounts and due at annual intervals from January 1, 1926 to January 1, 1936, inclusive. As security the mortgagor executed a real estate mortgage in writing covering certain lands in Williams County. The mortgage

contains a description of the notes as to dates, amounts, due dates, place of payment, and rate of interest, and in addition thereto provides that: "And the said John Heffernan do further covenant and agree to and with the said party of the second part, its successors, executors, administrators and assigns, to pay said sum of money above specified at the time and in the manner above mentioned together with all the costs and expenses if any there shall be, and, also, in case of the foreclosure of this mortgage, the statutory attorney's fees in addition to all sums and costs allowed in that behalf by law, which said sum is hereby acknowledged and declared to be a part of the debt hereby secured, and which shall be assessed and payable as part of said debt, and that he will pay all taxes and assessments of every nature that may be assessed on said premises, or any part thereof, previous to the day appointed by law for the sale of lands for town, city, county or state taxes."

The mortgage was assigned to the plaintiff on March 17, 1934. The mortgagor defaulted with respect to the principal and interest of the notes due in 1932, 1933, 1934, and 1935 and failed to pay taxes on the lands covered by the mortgage for the years 1931, 1932, 1933, and 1934, whereupon the plaintiff on February 28, 1935, declared the entire amount of the loan due and payable in accordance with the terms of the mortgage and instituted foreclosure proceedings. The mortgaged premises were sold at foreclosure sale on July 2, 1935. After applying the amount realized upon the sale there remained a deficiency of $2049.40.

John Heffernan died on March 20, 1942. His will was admitted to probate and the defendant and respondent was appointed administratrix with the will annexed. The plaintiff filed a claim against the estate within the time and in the manner provided by law, which claim was disallowed. The plaintiff then instituted this action in which it seeks to recover a judgment for the deficiency and interest thereon from the date of sale. There was no redemption from the sale.

The defendant sets up in her answer that the entire amount of the notes was declared due by the plaintiff on February 28, 1935, that more than six years elapsed thereafter and before the commencement of this action, and that the plaintiff's right to recover is barred by the statute of limitations.

At the time this action was commenced the statute of limitations had become a defense against any recovery upon the notes but no statute of limitations had run against the mortgage. The statute applicable to the mortgage is § 28–0115, Rev Code 1943, which reads as follows:

"The following actions must be commenced within ten years after the cause of action has accrued:

1. An action upon a judgment or decree of any court of the United States or of any state or territory within the United States;

2. An action upon a contract contained in any conveyance or mortgage of or instrument affecting the title to real property except a covenant of warranty, an action upon which must be commenced within ten years after the final decision against the title of the covenantor; and

3. Any proceeding for the foreclosure of a mortgage upon real estate."

The statute applicable to the notes is § 28–0116, Rev Code 1943, the first paragraph of which reads:

"The following actions must be commenced within six years after the cause of action has accrued:

1. An action upon a contract, obligation, or liability, express or implied, subject to the provisions of § 28–0115; . . ."

The appellant contends that the promise of the mortgagor to pay the debt is a contract contained in a mortgage affecting the title to real property, and that the ten-year statute applies to that promise and further urges that the promise contained in the mortgage may be enforced within ten years even though a suit upon the notes is barred by the six-year statute.

The determination of the application of our statutes of limitations may be aided by some historical references. The legislature of the Territory of Dakota in the Revised Codes of 1877 abolished distinctions between sealed and unsealed instruments. Civil Code 1877, § 925. That code, however, retained a statute of limitations of twenty years with respect to actions upon sealed instruments. Code of Civil Procedure 1877, § 53. Section 54 then provided a limitation of six years for "an action upon a contract, obligation, or liability, express or implied, excepting those mentioned in section fifty-three."

The abolition of distinctions between sealed and unsealed instruments has continued down to the present time. See § 9–0611, Rev Code 1943. When the territorial legislature abolished distinctions between sealed and unsealed instruments it also provided "a written instrument is presumptive evidence of a consideration." Civil Code 1877, § 914.

2. This provision now appears as § 9–0510, Rev Code 1943. Thus any written contract is presumed to have been made for a sufficient consideration.

When the state legislature adopted the Revised Code of 1895 it dropped the provision of the territorial code providing a twenty-year statute of limitations for sealed instruments and enacted a ten-year limitation with reference to "an action upon a contract contained in any conveyance or mortgage of or instrument affecting the title to real property except a covenant of warranty, an action upon which must be commenced within ten years after the final decision against the title of the covenantor." (Rev Code 1895, § 5200, ¶ 2), which is the same provision that we now find in ¶ 2 of § 28–0115, Rev Code 1943. Sec. 5201, RC 1895, provided a six-year limitation with reference to "an action upon a contract, obligation or liability, express or implied, excepting those mentioned in § 5200." Thus it appears that the distinction between sealed and unsealed instruments has been abolished, that written contracts are presumed to have been made for sufficient consideration, that the statute of limitations with reference to promissory notes is six years, and that the statute of limitations applicable to a contract contained in a real estate mortgage is ten years. In this case we have a debt which the debtor promised to pay in written instruments in the form of promissory notes. He also promised to pay the same debt in another written instrument in the form of a real estate mortgage given to secure the debt. Recovery on the notes is barred by a statute of limitations. No period of limitation has run against the mortgage. The mortgage has been foreclosed and after application of the security a deficiency on the debt remains.

In Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 ND 147, 103 NW 915, 70 LRA 814, 116 Am St Rep 642, 8 Ann Cas 1160, it was held that an action to foreclose a real estate mortgage is a remedy

distinct from the remedies by which the personal obligation for the debt might be enforced, and that the statute of limitations of this state does not create presumptions or extinguish obligations but merely operates as a bar to the remedy to which it applies. The court then reached the conclusion that even though the debt was barred by the statute of limitations the mortgage continued to exist, and conversely, that the remedy for the enforcement of the mortgage might be barred although an action at law on the debt was still maintainable. In that case the debt was represented by notes. It does not appear that the mortgage contained a covenant or agreement to pay the debt. Nevertheless, the case is important here for its holding that the statute of limitations creates only a bar to the remedy and does not destroy the debt or affect remedies other than the one to which it applies.

In Dean v. Smith, 53 ND 123, 204 NW 987, it is said that a mortgage is an incident of an existing debt in the sense that there can be no mortgage without a debt. This case is cited in Burrows v. Paulson, 64 ND 557, 254 NW 471, in which it is said: "Thus there are two contracts. One evidencing the debt or obligation, in this case the note; the other the mortgage contract. And in a suit on either the nature of the contract determines the character of relief to be afforded. . . . And there is no logical reason why, if action be brought first on the note and the judgment be not satisfied, recourse may not later be had in an appropriate action to the mortgage security, or, conversely, if resort be had first to the mortgage security in an appropriate action and a deficiency result, that judgment might not be taken for the amount of such deficiency in an action at law."

Because of the prohibition against the entry of deficiency judgments contained in § 8100, ND Comp Laws 1913, as amended by chap 155, ND Sess Laws 1933, no deficiency judgment could be entered in the foreclosure proceedings. The authority of the court in that action was limited to the application upon the debt of the amount realized through the sale of the security and the determination of the amount of the deficiency.

The mortgage involved in this case conforms substantially to the standard form prescribed by chap 253, ND Sess Laws 1923 (Rev Code 1943, § 35–0305). This form contains a personal covenant and agree-

ment on the part of the mortgagor to pay the debt. The statute of limitations bars the remedy but does not extinguish the debt. Williston, Contracts, § 2002. It can only be asserted by answer. Rev Code 1943, § 28–0139; Satterlund v. Beal, 12 ND 122, 95 NW 518. The contract in a note and the contract in a mortgage given to secure the debt represented by the note are separate contracts, each governed by its own statute of limitations. Baird v. Bartholomay, 70 ND 332, 294 NW 367. This is the underlying theory of the decision in Colonial & U. S. Mortg. Co. v. Northwest Thresher Co. 14 ND 147, 103 NW 915, 70 LRA 814, 116 Am St Rep 642, 8 Ann Cas 1160, supra. See also Donovan v. Dickson, 37 ND 404, 164 NW 27.

In states in which the common law distinction between instruments under seal and those not under seal is recognized we usually find comparatively short periods of limitation applicable to actions on simple contracts and longer periods to actions on sealed instruments. In those states, with the exception of Florida, it is generally held that where the mortgage contains a personal covenant for the payment of the debt the longer statute applies to that covenant and a deficiency or personal judgment may be recovered thereon against the mortgagor although recovery on the note secured by the mortgage is barred by the statute of limitations applicable to simple contracts. Guardian Depositors Corp. v. Savage, 287 Mich 193, 283 NW 26, 124 ALR 635, and note at page 645, 37 Am Jur 238, Mortgages. The respondent points to the abolition of the distinction between sealed contracts and simple contracts in this state and argues that these authorities have no application. While the distinction has been abolished those cases are authority for the proposition that the note and mortgage are separate contracts, each with its own remedy and that to each remedy a different limitation is applicable.

In this state the note and mortgage are separate contracts. Each is presumed to have been executed for valuable consideration. They are of equal dignity. They afford separate remedies. A ten-year statute of limitations applies to any contract contained in any mortgage affecting the title to real property. A six-year statute applies to the note. Neither statute extinguishes the debt. Each bars the remedy to which it applies. Each instrument contains a promise to pay the debt. Thus

we are impelled to the conclusion that a statute which bars the remedy on the note does not bar the right of the owner of the debt to enforce the promise contained in the mortgage within the period of limitation applicable to the mortgage. That limitation being ten years and this action being commenced within proper time, the trial court erred in directing a dismissal. The judgment appealed from is reversed.

BURR, NUESSLE and BURKE, JJ., and MILLER, Dist. J., concur.

CHRISTIANSON, Ch. J., being disqualified, did not participate, HON. HARVEY J. MILLER, Judge of Sixth Judicial District, sitting in his stead.