**SECURITY STATE BANK OF HANNAFORD, a Corporation, Plaintiff and Appellant,**

v.

**Burt HARRINGTON and Ruth E. Harrington, Defendants and Appellees.**

**Civ. No. 890177.**

Supreme Court of North Dakota.

March 1, 1990.

Gary S. Gronneberg, Fargo, for plaintiff and appellant.

Arthur Warren Stokes, Wahpeton, for defendants and appellees.

VANDE WALLE, Justice.

Security State Bank of Hannaford (State Bank) appealed from a judgment granting Burt and Ruth Harrington's request to cancel a contact for deed. We affirm.

Burt and Ruth sold 480 acres of farmland to their son, Gerald Harrington, and his wife, Nancy,[1] under a contract for deed, dated September 29, 1975. A half-section was located in Griggs County and a quarter-section was located in Foster County. The agreement provided that Gerald and Nancy would pay $96,000 for the property in installments with 6% annual interest. The agreement more specifically provided that Burt and Ruth would receive a $5,000 down payment and thirteen annual payments of $10,280.27.

Gerald farmed the property and obtained loans for his operating expenses from State Bank. During 1980, State Bank informed Gerald that it wanted a first mortgage on the Foster County quarter-section to secure a loan the Bank had made to Gerald. At Gerald's request, Burt and Ruth conveyed to him legal title to the Foster County property, and he agreed to continue making installments to pay, by November 15, 1988, the unpaid balance of the original purchase price, with interest. Gerald agreed that the unpaid balance with accrued interest at that time was $107,785 because he had failed to make some payments. State Bank then acquired a first mortgage from Gerald on the Foster County quarter-section. State Bank also took a lien on Gerald's interest as vendee under the contract for deed on the Griggs County half-section.

Gerald defaulted on his loans with State Bank. In 1985 he conveyed the Foster County property to State Bank.

State Bank foreclosed on its lien against the Griggs County property and then filed this action against Burt and Ruth for specific performance of the contract for deed.

---

1. In April 1980, Nancy quitclaimed her interest in the property to Gerald.

State Bank requested the court to order Burt and Ruth to convey the Griggs County property to State Bank for $47,974.57 which, according to State Bank, was the unpaid balance on the contract for deed. Burt and Ruth filed a counterclaim requesting cancellation of the contract for deed. After a trial on the merits, the district court concluded that Burt and Ruth were entitled to cancel the contract for deed and to retain the Griggs County property, subject to redemption by State Bank, as assignee of Gerald's interest, for the sum of $139,437 plus interest of $13.80 per day accruing from November 15, 1988. State Bank filed this appeal from the district court's judgment.

State Bank has raised two issues which are dispositive of this appeal:

(1) Whether the statute of limitations precludes Burt and Ruth's action to cancel the 1975 contract for deed; and

(2) Whether the district court erred in setting the redemption amount under the contract for deed without reducing the contract price to reflect the Foster County property that Burt and Ruth conveyed to Gerald in 1980.

State Bank asserts that Burt and Ruth's action to cancel the contract for deed is barred by the statute of limitations because it was based upon payment defaults occurring more than ten years before Burt and Ruth filed their counterclaim to cancel the contract for deed.

Section 28–01–42, N.D.C.C., is the statute of limitations which is applicable to Burt and Ruth's action to cancel the contract for deed:

"No action or proceeding may be maintained by a person out of possession to cancel or enforce any contract for the sale or conveyance of real estate, after twenty years from the date of said contract, as shown by the record of such instrument, or after twenty years from the date of recording of any instrument which describes or refers to such contract, which itself is not of record, unless the record of such contract or other instrument shows that less than ten years have elapsed since the due date of the last payment on the indebtedness or part thereof, secured thereby, or since the claim for relief has accrued thereon, or unless the record shows an extension of the maturity of the instrument or of the debt or a part thereof, and that ten years from the expiration of the time of such extension has not yet expired. The limitation of this section may not be extended by the nonresidence of any plaintiff or defendant or of any vendor or vendee, nor by reason of any payment made after the due date of the last payment on the indebtedness or part thereof, nor by reason of any disability of any party interested in the contract."

Under this statute an action to cancel a contract for deed must be brought within twenty years from the date of the contract, but if less than ten years have elapsed from the due date of the last payment, the accrual of the right of action, or the expiration of the maturity date on the instrument or debt, then the action to cancel may be brought more than twenty years from the date of the contract. State Bank's argument that this statute provides a ten-year limitation period is based upon an erroneous interpretation of the unambiguous language of this statute. Burt and Ruth brought their cancellation action well within the twenty year limitations period, and, therefore, it is not barred by the statute of limitations.

State Bank also asserts on appeal that the trial court erred in setting the redemption amount for the Griggs County property. State Bank argues that the contract price should have been reduced to reflect Burt and Ruth's 1980 conveyance of the Foster County quarter-section to Gerald. In effect, State Bank wants to redeem the Griggs County property without having to pay Burt and Ruth the entire unpaid balance on the original contract for deed.

One who sells real property under a contract for deed and retains legal title as security for the debt has a vendor's lien against the property for the unpaid purchase price. *Mid–America Steel, Inc. v. Bjone*, 414 N.W.2d 591 (N.D.1987). *See also* Section 35–20–01, N.D.C.C. As its

rationale for reducing the amount Burt and Ruth may claim against the Griggs County property, State Bank asserts that Burt and Ruth's lien on the Foster County property was destroyed when Gerald conveyed that property to State Bank, and therefore the contract price must be proportionately reduced by the price of the Foster County quarter-section. But, the trial court found that as a condition to receiving legal title to the Foster County property, Gerald agreed to pay Burt and Ruth the full contract price by November 15, 1988. The trial court also found that the total amount due and owing on the contract as of November 15, 1988, was $139,437 and that interest would continue to accrue after that date at the rate of $13.80 per day. We conclude that these findings are not clearly erroneous. Rule 52(a), N.D.R.Civ.P.

When Burt and Ruth gratuitously conveyed the Foster County property to Gerald in 1980, they retained their vendor's lien on the Griggs County property for the entire unpaid balance of the contract for deed. As assignee to Gerald's interest under the contract for deed, State Bank is entitled to no greater right of redemption than Gerald. The trial court set the redemption amount at $139,437, plus interest, equivalent to the unpaid balance on the contract for deed. State Bank has failed to persuade us that, under these circumstances, it should be allowed to redeem the Griggs County property for less than the unpaid balance on the contract for deed, with accrued interest.

The judgment of the district court is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

