Filed 5/11/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 90

David Locken, Plaintiff and Appellant

v.

Loren Locken as Trustee of the 

Virgil and Marjorie Locken Family Trust 

under the Trust Agreement dated 

December 27, 2002; Jon Locken and 

Loren Locken as Co-Personal Representatives 

of the Marjorie Locken Estate; Jon Locken 

and Loren Locken, as Co-Personal Representatives 

of the Virgil K. Locken Estate; Jon Locken, Inc.; 

Loren W. Locken, Inc.; Jon Locken; Loren Locken; 

Bernard Vculek as Trustee of the Bernhard L. Vculek 

Revocable Trust; Marlene Vculek as Trustee of the 

Marlene Vculek Revocable Trust; and the 

unknown spouses, the unknown heirs, 

administrators, executors, successors, devisees, 

legatees, assigns and personal representatives 

of any kind of all the above named defendants, 

and all other persons unknown claiming any rights, 

title or interest in, or lien or encumbrances upon 

the property described in the Complaint, Defendants and Appellees

No. 20100297

Appeal from the District Court of Dickey County, Southeast Judicial District, the Honorable John E. Greenwood, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Sara Kaye Sorenson, P.O. Box 458, West Fargo, N.D. 58078-0458, for plaintiff and appellant.

Michael D. McNair, P.O. Box 2189, Fargo, N.D. 58108-2189, for defendants and appellees.

Locken v. Locken

No. 20100297

Kapsner, Justice.

[¶1] David Locken appeals from a summary judgment dismissing his action to determine his ownership interest in a tract of land in Dickey County.  He argues his claim is not barred by the statute of limitations for an action on a contract for deed under N.D.C.C. § 28-01-42 and, therefore, is not barred by the Marketable Record Title Act, N.D.C.C. ch. 47-19.1.  We hold David Locken’s claim is barred by the statute of limitations for an action on a contract for deed under N.D.C.C. § 28-01-42, because the due date of the last payment of the indebtedness secured by the contract for deed was when the contract was satisfied.  We affirm.

I

[¶2] In February 1973, David Locken and his father, Virgil Locken, purchased a tract of land in Dickey County by contract for deed from Wanda Johnson and Ardys Sand.  The contract for deed required Johnson and Sand to convey to Virgil and David Locken, or their assigns, a warranty deed upon full performance by the Lockens.  The contract for deed was recorded on March 7, 1973, and identified a total consideration of $58,500, with a $12,000 down payment and yearly payments of $4,000 beginning on March 1, 1974, and thereafter until the balance of $46,500 plus interest at the rate of 7 percent per annum was paid in full.  According to David Locken, the final scheduled payment on the contract for deed was due on March 1, 1998.

[¶3] In May 1974, David Locken and his wife assigned his interest in the contract for deed to his parents, Virgil and Marjorie Locken.  In 1977, Ardys Sand, Wanda Johnson, and her husband, Robert Johnson, conveyed the land by warranty deed to Virgil Locken, individually.  The warranty deed was recorded on March 8, 1978.  Through a series of conveyances in 1980 and 1981, Virgil Locken gifted the land to all his children, except David Locken, by quitclaim deed, and those children’s interests were reconveyed to the Virgil and Marjorie Locken Family Trust by quitclaim deed in 2002.

[¶4] Marjorie Locken died in December 2001, and her will specifically devised “all [her] right, title and interest” in the land to David Locken.  Virgil Locken died in September 2006, and his will also specifically devised “all of [his] right, title and interest” in the land to David Locken.  In July 2007, Loren Locken, as trustee of the Virgil and Marjorie Locken Family Trust, executed and recorded an affidavit of possession, stating “the Virgil and Marjorie Locken Family Trust is in possession of the . . . real property and has an unbroken chain of title to such real property under deeds which have been of record more than 20 years.”  In October 2007, the Virgil and Marjorie Locken Family Trust conveyed the land to Bernard Vculek, who then conveyed the land to himself, as trustee of the Bernard L. Vculek Revocable Trust, and to Marlene Vculek, as trustee of the Marlene Vculek Revocable Trust.

[¶5] In January 2008, David Locken brought this action against all persons claiming an interest in the land, alleging Marjorie Locken had a one-fourth interest in the land when she died and he was entitled to that interest as a specific devisee under her will.  David Locken claimed Marjorie Locken’s interest in the land stemmed from his 1974 assignment of his one-half interest in the1973 contract for deed to Virgil and Marjorie Locken, which resulted in Virgil Locken owning an undivided three-fourths interest in the land and Marjorie Locken receiving an undivided one-fourth interest in the land.  The defendants responded, contending David Locken’s claim to the land was barred by the Marketable Record Title Act and was not subject to a statutory exception to the Act for claims on a contract for deed not barred by the statute of limitations.

[¶6] The district court granted summary judgment dismissal of David Locken’s action, concluding his claim to the land was barred by the Marketable Record Title Act and was not subject to a statutory exception in N.D.C.C. § 47-19.1-11(1)(c) for claims on contracts for deed not barred by the statute of limitations under N.D.C.C. § 28-01-42, because the “due date” of the last payment on the indebtedness secured by the contract for deed was at least by March 8, 1978, when the contract sellers, Ardys Sand, Wanda Johnson, and Robert Johnson, delivered a warranty deed to Virgil Locken and the deed was recorded.

II

[¶7] The district court decided this case by summary judgment, which is a procedural device for promptly resolving a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that reasonably can be drawn from undisputed facts, or if the only issues to be resolved are questions of law.  
Schmidt v. Gateway Cmty. Fellowship
, 2010 ND 69, ¶ 7, 781 N.W.2d 200.  Whether the district court properly granted summary judgment is a question of law that we review de novo.  
Id.
  Summary judgment is appropriate if the issues in the case are such that resolution of any factual disputes will not alter the result.  
Id.
  A party moving for summary judgment must establish there are no genuine issues of material fact and the case is appropriate for judgment as a matter of law.  
Id.
  In determining whether summary judgment is appropriate, we view the evidence in the light most favorable to the party opposing the motion, giving that party the benefit of all favorable inferences that reasonably can be drawn from the record.  
Id.
  The interpretation and application of a statute is a question of law, which is fully reviewable on appeal.  
Id.

III

[¶8] David Locken argues he has a valid claim to the land under the statute-of-

limitations exception of the Marketable Record Title Act in N.D.C.C. § 47-19.1-

11(1)(c).  He argues the district court erred in deciding his January 2008, action is barred by the statute of limitations in N.D.C.C. § 28-01-42 for an action on a contract for deed, because he brought the action within ten years of the “due date of the last payment on the indebtedness” under the 1973 contract for deed, which he asserts was March 1, 1998.  Relying on 
Langer v. Gray
, 73 N.D. 437, 15 N.W.2d 732 (1944), he argues the term “due date” in N.D.C.C. § 28-01-42 means the date the last payment on the contract for deed was due under the contract and does not mean the date the last payment was actually made.  The defendants respond that “due date of the last payment on the indebtedness” in N.D.C.C. § 28-01-42 means the date the last payment was actually made and the contract for deed was satisfied.

[¶9] The issues raised in this appeal involve the interpretation and application of the statute-of-limitations exception in the Marketable Record Title Act and the statute of limitations for actions on a contract for deed.  The interpretation and application of a statute is a question of law, which is fully reviewable on appeal.  
Schmidt
, 2010 ND 69, ¶ 7, 781 N.W.2d 200.  Our primary objective in interpreting a statute is to determine the legislature’s intent, and we initially look to the language of the statute to determine intent.  
Id.
 at ¶ 14.  Words in a statute are given their plain, ordinary, and commonly understood meaning, unless they are defined by statute or unless a contrary intention plainly appears. N.D.C.C. § 1-02-02.  Statutes are construed as a whole and are harmonized to give meaning to related provisions.  N.D.C.C. § 1-02-07.  The letter of a statute cannot be disregarded under the pretext of pursuing its spirit when the language of the statute is clear and unambiguous. N.D.C.C. § 1-02-05.  “[I]f the language of a statute is ambiguous or of doubtful meaning or if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, the court may resort to extrinsic aids to interpret the statute.”  
Stutsman County v. State Historical Soc’y
, 371 N.W.2d 321, 325 (N.D. 1985).  “‘A statute is ambiguous if it is susceptible to different, rational meanings.’”  
Sauby v. City of Fargo
, 2008 ND 60, ¶ 8, 747 N.W.2d 65 (quoting 
Simon v. Simon
, 2006 ND 29, ¶ 12, 709 N.W.2d 4).  Section 1-02-39, N.D.C.C., lists extrinsic aids for construing ambiguous statutes:

If a statute is ambiguous, the court, in determining the intention of the legislation, may consider among other matters:

1. The object sought to be attained.

2. The circumstances under which the statute was enacted.

3. The legislative history.

4. The common law or former statutory provisions, including laws upon the same or similar subjects.

5. The consequences of a particular construction.

6. The administrative construction of the statute.

7. The preamble.

[¶10] The Marketable Record Title Act was enacted in 1951 to simplify and facilitate real estate title transactions by allowing persons to rely upon record title in dealing with the record title owner.  
See
 1951 N.D. Sess. Laws ch. 280, § 10 (codified at N.D.C.C. § 47-19.1-10).  
See generally
 James E. Leahy, 
The North Dakota Marketable Record Title Act
, 29 N.D.L. Rev. 265 (1953).  Subject to some delineated statutory exceptions, a person who has an unbroken chain of title to an interest in land under a deed that has been recorded for twenty years or longer and who is in possession of the land generally is deemed to have marketable record title to the interest in that land.  N.D.C.C. § 47-19.1-01.  
See
 
Sickler v. Pope
, 326 N.W.2d 86, 93-94 (N.D. 1982) (to come within protection of Marketable Record Title Act, entity must have unbroken chain of title for twenty years and must be in possession of claimed interest); 
Northern Pac. Ry. Co. v. Advance Realty Co.
, 78 N.W.2d 705, 719 (N.D. 1956) (same).

[¶11] A person is deemed to have an unbroken chain of title to an interest in land when the applicable public records show a conveyance or other title transaction dated and recorded more than twenty years earlier, which purports to create an interest in that person or that person’s immediate or remote grantors with nothing of record purporting to divest that person of the interest.  N.D.C.C. § 47-19.1-02(1).  A person may show possession of the land by filing necessary affidavits with the recorder, which contain the land’s legal description and which show the record title holder is then in possession of the land.  N.D.C.C. § 47-19.1-07.  A person with marketable record title, 
i.e.
, an unbroken chain of title to an interest in land and possession of the land, may convey that person’s interest free and clear of all claims that depend upon any act, transaction, event, or omission occurring twenty years or more before and  those claims are barred and not enforceable unless the person making the claim files on the record a written notice of the claim on or before twenty years from the recording date of the deed under which title is claimed.  N.D.C.C. § 47-19.1-03; 
see also
 N.D.C.C. § 47-19.1-10.  Moreover, no disability, nonresidency, nor lack of knowledge of any kind by anyone shall extend the time for filing the written notice of claim after twenty years from the recording of the deed of conveyance.  N.D.C.C. § 47-19.1-03; 
see also
 N.D.C.C. § 47-19.1-10 (claims barred means “any and all interests of any nature whatever, however denominated, whether such claims are asserted by a person sui juris or under disability, whether such person is or has been within or without the state, and whether such person is natural, corporate, private, or governmental”).

[¶12] The plain language of N.D.C.C. ch. 47-19.1 confers the protection of marketable record title on a person with an unbroken chain of title and possession of the land, subject only to claims not extinguished or barred by N.D.C.C. ch. 47-19.1, instruments that have been recorded less than twenty years, and any encumbrances of record not barred by the statute of limitations.  N.D.C.C. § 47-19.1-01.  As relevant to this case, the provisions for marketable record title do not “bar . . . [r]ights founded upon any mortgage, trust deed, or contact for sale of lands which is not barred by the statute of limitations.”  N.D.C.C. § 47-19.1-11(1)(c).

[¶13] Section 28-01-15(2), N.D.C.C., requires “[a]n action upon a contract contained in any conveyance or mortgage of or instrument affecting the title to real property” to “be commenced within ten years after the claim for relief has accrued.”  
See
 
Lincoln Nat’l Life Ins. Co. v. Kelly
, 73 N.D. 622, 629-30, 17 N.W.2d 906, 910 (1945) (stating ten- year statute of limitations applies to mortgage contract affecting title to real property and six-year statute applies to action upon promissory note).  Under N.D.C.C. § 28-01-15(2), “‘[a] cause of action accrues when the right to commence it comes into existence; when it can be brought in a court of law without being subject to dismissal for failure to state a claim.’”  
Huber v. Oliver County
, 529 N.W.2d 179, 182 (N.D. 1995) (quoting 
Keller v. Clark Equip. Co.
, 474 F. Supp. 966, 969 (D. N.D. 1979) and applying N.D.C.C. § 28-01-15(2) in action involving contract granting easement across land).  This Court has said that determining when a cause of action has accrued is generally a factual question and has “recognized that ‘[a]n injury usually arises contemporaneously with the wrongful act causing the injury.’”  
Huber
, at 182 (quoting 
Erickson v. Scotsman, Inc.
, 456 N.W.2d 535, 537 (N.D. 1990)).  This Court has also said “[a] cause of action to foreclose a mortgage accrues when the debt matures.”  
Baird v. Larson
, 69 N.D. 795, 291 N.W. 545, 546 Syll. 1 (1939).  The ten-year statute of limitations in N.D.C.C. § 28-01-15(2) applies to reformation of a quitclaim deed involving an interest in land, 
City of Fargo v. D.T.L. Props. Inc.
, 1997 ND 109, ¶ 9, 564 N.W.2d 274, to reformation of a real estate lease, 
Diocese of Bismarck Trust v. Ramada, Inc.
, 553 N.W.2d 760, 765-66 (N.D. 1996), to an action for specific performance of a contract granting an easement across land, 
Huber
, at 181-82, and to a mortgage contract affecting title to real property.  
Lincoln Nat’l Life Ins.
, 73 N.D. at 629-30, 17 N.W.2d at 910; 
Baird
, 69 N.D. at 800, 291 N.W. at 547.

[¶14] Section 28-01-42, N.D.C.C., also delineates a statute of limitations for an action “to cancel or enforce any contract for the sale or conveyance of real estate” and provides:

No action or proceeding may be maintained by a person out of possession to cancel or enforce any contract for the sale or conveyance of real estate, after twenty years from the date of said contract, as shown by the record of such instrument, or after twenty years from the date of recording of any instrument which describes or refers to such contract, which itself is not of record, 
unless the record of such contract or other instrument shows that less than ten years have elapsed since the due date of the last payment on the indebtedness or part thereof, secured thereby, or since the claim for relief has accrued thereon, or unless the record shows an extension of the maturity of the instrument or of the debt or a part thereof, and that ten years from the expiration of the time of such extension has not yet expired
.  The limitation of this section may not be extended by the nonresidence of any plaintiff or defendant or of any vendor or vendee, nor by reason of any payment made after the due date of the last payment on the indebtedness or part thereof, nor by reason of any disability of any party interested in the contract.

(Emphasis added.)

[¶15] In 
Security State Bank v. Harrington
, 452 N.W.2d 72, 74 (N.D. 1990), this Court considered a statute-of-limitations argument under N.D.C.C. § 28-01-42, in which contract-for-deed sellers sought to cancel the contract and the purchasers’ assignee argued the sellers’ claim was barred because the purchasers’ default occurred more than ten years before the sellers sought to cancel the contract.  We described the statute of limitations in N.D.C.C. § 28-01-42:

an action to cancel a contact for deed must be brought within twenty years from the date of the contract, but if less than ten years have elapsed from the due date of the last payment, the accrual of the right of action, or the expiration of the maturity date on the instrument or debt, then the action to cancel may be brought more than twenty years from the date of the contract.

Harrington
, at 74.  We rejected the assignee’s argument that the sellers’ claim was barred because it was brought more than ten years after the purchasers’ default, and we concluded the sellers’ claim was not barred by N.D.C.C. § 28-01-42, because it was brought within twenty years of the contract for deed.  
Harrington
, at 74.  
Harrington
 generally establishes a twenty-year period for bringing an action to cancel or enforce a contract for deed under N.D.C.C. § 28-01-42, but does not otherwise construe the language authorizing an action more than twenty years after the record date of the contract for deed.

[¶16] Here, David Locken brought this action in January 2008, which is more than twenty years after the contract for deed was recorded in 1973 and more than twenty years after the contract for deed was satisfied and a warranty deed was recorded in 1978.  The issue in this case involves the exception to marketable record title in N.D.C.C. § 47-19.1-11(1)(c) for rights founded upon a contract for the sale of lands which are not barred by the statute of limitations and the interrelationship of the statutes of limitation for actions upon a contract contained in any conveyance or instrument affecting title to real property in N.D.C.C. § 28-01-15(2) and for actions to cancel or enforce any contract for the sale or conveyance of real estate in N.D.C.C. § 28-01-42.

[¶17] The language of N.D.C.C. § 28-01-15(2) requires bringing an action upon a contract contained in any conveyance or instrument affecting title to land within ten years after the claim for relief accrues, while N.D.C.C. § 28-01-42 and 
Harrington
 contemplate bringing an action to cancel or enforce a contract for deed within twenty years from the record date of the contract, subject to possible extensions of time under circumstances described in that statute.  Generally, the longer statute of limitations governs if there is a question about applicability.  
Burr v. Kulas
, 1997 ND 98, ¶ 12, 564 N.W.2d 631.  Here, the pertinent statutory provisions do not necessarily contemplate earlier satisfaction of a contract for deed, which is the factual situation in this case where the language of the 1973 contract for deed scheduled payments through March 1, 1998, but the contract for deed was satisfied and a warranty deed was issued in 1977 and recorded in 1978.  The relevant statutes contemplate consideration of when a cause of action has accrued, the recording date of a contract for deed, and the due date of the last payment on the indebtedness secured by the contract for deed, but the interrelationship of those statutes is not clear and unambiguous for this situation.  We conclude the statutes are ambiguous, and we may consider extrinsic aids to interpret them.  The interplay of these statutes is something the legislative assembly may wish to consider.

[¶18] Section 28-01-42, N.D.C.C., was enacted in 1959 N.D. Sess. Laws ch. 255, and was amended with “technical corrections” in 1985 N.D. Sess. Laws, ch. 82, § 64.  The 1959 legislation to cancel or enforce any contract for the sale or conveyance of real estate was enacted in conjunction with another statute precluding an action to foreclose real estate mortgages, unless brought within ten years from the “due date of the last payment of the debt secured by the mortgage.”  
See
 1959 N.D. Sess. Laws, ch. 256 (initially codified at N.D.C.C. § 28-01-43 and repealed by 1963 N.D. Sess. Laws ch. 256, § 4, which also repealed N.D.C.C. § 35-03-13 and enacted provisions currently codified in N.D.C.C. §§ 35-03-14 and 35-03-15 for expiration and extension of mortgage lien in language using “final maturity date” of mortgage).  The provision for foreclosure of a real estate mortgage also included language that did not extend the ten-year period because of non-residence or disability, payment after the due date, or extension of time to pay the mortgage not recorded in the same manner as the original mortgage.  
See
 1959 N.D. Legis. Sess. ch. 256.   The 1959 legislative history for the statutes for mortgages and for contract for deeds states the “bills only have one purpose, so [the] public can to go to the records and determine good title to property, without expense of court action.”  
Hearing on H.B. 785 and 786 Before House Judiciary Comm.
, 36th N.D. Legis. Sess. (Feb. 12, 1959).  The legislative materials also include a document prepared by the State Bar Association, which provides some additional background information:

Both bills were prepared in an effort to simplify elimination of old mortgages and contracts which, though long since unenforceable, continued to show up as clouds on titles.  There is authority for the statement that the limitation on real estate mortgage foreclosures would be similar to that in force in Minnesota, Iowa and other jurisdictions.  The bill dealing with land sale contracts is said to be similar to Section 558.5, Iowa code, and has been upheld in Ramiller vs. Ramiller, 18 NW 2d 622, and in Jennings vs. Schmitz, 20 NW 2d 897.

Statement Regarding House Bills 785 and 786 Respectively Limiting Time for Foreclosure of Real Estate Mortgages and Time to Enforce Rights Under Contracts for Sale and Purchase of real Estate, prepared by State Bar Association of North Dakota.

[¶19] In 
Ramiller v. Ramiller
, 18 N.W.2d 622, 624 (Iowa 1945), the Iowa Supreme Court quoted language from Iowa Code § 11028 (1939), which is now codified at Iowa Code § 614.21 (2006) and includes language about contracts for deed similar to N.D.C.C. § 28-01-42:

‘no action shall be maintained to foreclose or enforce any real estate mortgage, bond for deed, trust deed, or contract for the sale or conveyance of real estate, after twenty years from the date thereof, as shown by the record of such instrument’, unless such record ‘shows that less than ten years have elapsed since the date of maturity of the indebtedness or part thereof, secured thereby, or since the right of action has accrued thereon, or unless the record shows an extension of the maturity of the instrument or of the debt or a part thereof, and that ten years from the expiration of the time of such extension have not yet expired, *  *  *.’

Because N.D.C.C. § 28-01-42 is derived from and is similar to the Iowa statute, Iowa cases interpreting the Iowa statute are relevant to our inquiry and may be persuasive in construing our statute.  
See
 
Loken v. Magrum
, 380 N.W.2d 336, 338-39 (N.D. 1986).

[¶20] In 
Ramiller
, 18 N.W.2d at 625, the Iowa Supreme Court outlined the historical origins of Iowa Code § 11028 (1939) and explained it was a “special statute[] of limitation,” which was not subject to general tolling provisions for nonresidents, minors, or persons with disabilities.  The court said the statute was subject only to its self-contained exceptions and was “enacted to clarify titles to real estate by nullifying apparent liens and clouds of record upon titles and to defeat the prosecution of stale claims.”  
Ramiller
, at 625.  The court described the intent of Iowa Code § 11028 (1939) in the context of an underlying promissory note and an action to foreclose a mortgage:

‘the mortgage is but an incident of a debt, and as long as the debt survives[,] the remedy of foreclosure of a mortgage survives with it, at least such was the rule prior to the changes in the statute by the [legislative] general assemblies. The result of this rule has been that a multiplicity of actions to quiet title has been necessary and has caused trouble and expense to real estate owners who, in attempting to transfer real estate, found that many years before some mortgage had been given and now appeared of record as incumbering their property because it had not been released of record. * * *  Doubtless the Legislature had in mind to remedy this situation in the passage of the acts above referred to. * * *  The statute in question was evidently designed to 
make the record show
 to all whether or not any given mortgage was valid and enforcible.’  (Italics ours.)

Ramiller
, at 625 (quoting 
Newgirg v. Black
, 156 N.W. 708, 718 (Iowa 1916)).  The court ruled the foreclosure claim in that case was barred by the statute of limitations:

More than twenty years from the date of the mortgage, as shown by its record, had elapsed before [the mortgage foreclosure] action was begun, and no exception or condition noted in [Iowa Code § 11028 (1939)] which might have saved the right to foreclose is shown by the record of the mortgage.  There is no showing in the record of the mortgage that less than ten years had elapsed from the maturity of the promissory note secured or from any extension of its maturity.  It is not sufficient under the provisions of this section to establish by evidence, 
other than the record of the mortgage
, the fact that less than ten years had elapsed since the maturity of the debt. The statute requires that such fact must be shown 
by the record of the mortgage
.  Section 11028 also provides that any extension must be shown by ‘filing an extension agreement, duly acknowledged as the original instrument was required to be acknowledged, in the office of the recorder where the instrument is recorded, or by noting on the margin of the record of such instrument in the recorder’s office an extension of the maturity of the instrument or of the debt secured, or any part thereof; each notation to be witnessed by the recorder and entered upon the index of mortgages in the name of the mortgagor and mortgagee.’  No such evidence of any extension was placed on record in the recorder’s office, and there is no showing in the record in the case that any such extension agreements existed.  It is made clear by section 11028 that any alleged admissions of the existence of the debt in any writings of [the mortgagor] do not comply with the exceptions and conditions required by the section, and do not entitle the appellant to foreclose the mortgage against any part of the land.

Ramiller
, at 624 (emphasis in original).

[¶21] In 
Jennings v. Schmitz
, 20 N.W.2d 897, 902 (Iowa 1945) (quoting Iowa Code § 11013 (1939)) the Iowa Supreme Court said an action against nonresidents of Iowa was not barred by the statute of limitations, because a tolling statute provided the “time during which a defendant is a nonresident of the state shall not be included in computing any of the periods of limitations.”  The court explained:

Since this is not an action to foreclose a real estate mortgage, bond for deed, trust deed or contract for the sale of real estate, it is not barred by the special limitation found in [Iowa Code § 11028 (1939)].  It is perhaps well to note that the saving clause contained in section 11013 does not apply to an action which falls within the terms of 11028.  
Newgirg v. Black
, 174 Iowa 636, 645, 156 N.W. 708.  
See also
 
Newton v. Knox
, 234 Iowa 1095, 1106, 13 N.W.2d 795, 800; 
Ramiller v. Ramiller
, Iowa, 18 N.W.2d 622.

[¶22] In an earlier case involving a mortgage foreclosure and an underlying promissory note, the Iowa Supreme Court discussed the interrelationship of the ten-

year statute of limitations for actions upon a written contract and the twenty-year period for actions to foreclose or enforce a mortgage.  
Monast v. Manley
, 293 N.W. 12, 13-14 (Iowa 1940).  There, an action to foreclose a mortgage was begun on March 15, 1939, which was less than twenty years after the mortgage and a promissory note were executed on March 22, 1919, but more than ten years after the underlying unpaid promissory note was due on March 22, 1921.  
Id.
 at 12.  The Iowa Supreme Court held the statute of limitations barred the foreclosure action, explaining:

It is unquestioned that the note, which was to become due in two years, was barred on March 22, 1931, being ten years from the date when it became due. Plaintiff, however, argues that [Iowa Code § 11028 (1939)] applies. . . .  The date of maturity was in 1921, and no extension is shown of record or was ever made, so that these exceptions do not apply.  To hold as plaintiff contends, that section 11028 applies in this case, would be holding that [Iowa Code § 11007(6)], providing that actions on written contracts must be brought within ten years, does not apply, and that section 11028 applies exclusively.  However, the latter statute does not so state or indicate.  The history of this statute, which was enacted in 1906 and has become, with various changes, the present statute, shows that it was apparently enacted for the purpose of avoiding the prosecution of stale claims, and such was the reason given in 
Newgirg v. Black
, 174 Iowa 636, 643, 156 N.W. 708, 710. . . .

That when a debt is barred by the statute of limitations the remedy upon the mortgage is also barred has been many times held by this court.  In the case of 
Jarl v. Pritchett
, 190 Iowa 1268, 179 N.W. 945, 946, recovery was denied, and the court said: “Under the statutes of this state, the debt is regarded as the principal thing and the mortgage as a mere incident thereto, and consequently, when the debt is barred, the remedy upon the mortgage also is barred.”  Citing 
Gower v. Winchester
, 33 Iowa 303; 
Clinton County v. Cox
, 37 Iowa 570, and quoting from the latter case: “A mortgage conveys no interest in or title to lands, but is simply a lien thereon for the purpose of securing the indebtedness which is its foundation.  It is an incident–a security, in the nature of a lien–of the debt.  It survives until the debt be paid or discharged, or the mortgage is released.  It is a convoy, bearing a lien for the protection of the debt; and, as long as that exists, it is not relieved of the duty of protection, or rendered ineffective for that purpose.  When the debt is discharged or, by operation of law, may no longer be enforced, its functions terminate, and not before.”

Monast
, at 13.

[¶23] Although the Iowa authorities examining the Iowa statute involved mortgages and promissory notes and did not interpret “due date,” they explain that a mortgage remains in effect until the debt is paid or discharged, or the mortgage is released.  Those authorities further demonstrate the underlying intent of the legislation was to clarify titles to real property from the record itself, and those authorities provide some guidance for circumstances involving the satisfaction of an underlying contract for deed.  The clarification of titles to real property from the record itself and release after discharge or satisfaction of an underlying obligation is consistent with the purpose of the Marketable Record Title Act to resolve old claims against land and to simplify and facilitate land transactions. With that purpose in mind, we construe “due date of the last payment on the indebtedness or part thereof, secured thereby” on a contract for deed in N.D.C.C. § 28-01-42 in harmony with the purpose of clearing title in cases involving contracts for deed and the underlying purpose of marketable record title to mean the record date this contract for deed was satisfied.  That interpretation serves the purpose of the Marketable Record Title Act and allows persons with marketable record title obtained through satisfaction of a contract for deed and possession to convey property freely based upon the record title.  The district court’s interpretation of N.D.C.C. § 28-01-42 is in harmony with that interpretation and N.D.C.C. ch. 47-

19.1.

[¶24] David Locken’s reliance on 
Langer
, 73 N.D. 437, 15 N.W.2d 732, is misplaced.  
Langer
 involved the Tax Commissioner’s grant of an extension of time to file a tax return and an assessment more than three years after the statutory due date for filing the return but within three years of the granted extension.  73 N.D. at 444, 15 N.W.2d at 735.  This Court interpreted “due date” to mean the date of the granted extension rather than the initial due date for the return, or the date the return was actually filed.  
Id.
  Langer involved the meaning of “due date” in a different context, and does not control the interpretation of N.D.C.C. § 28-01-42 in the context of marketable record title and the undisputed circumstances in this case.

[¶25] We conclude the district court did not err in deciding David Locken’s claim was barred by the statute of limitations and ruling the statute of limitations exception in the Marketable Record Title Act did not operate to bar application of the chapter to the defendants’ claims to the land.

IV

[¶26] We affirm the judgment.

[¶27] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.